T. W. FORD, RECEIVER, v. TARRANT SIMS ET AL.

No. 911. Decided May 31, 1900.

1. Homestead—Descent and Distribution—Statute Construed.

Article 2053, Revised Statutes, does not conflict with article 16, section 52, of the Constitution of the State. The latter has no reference to the rights of creditors, but only to the rules of descent; it abrogates the former rule which gave the homestead of an insolvent estate absolutely to the widow and minor children, and secures to the adult heirs their rights therein after termination of the homestead use. (Pp. 589, 590.)

2. Same—Setting Aside Homestead—Property Subject to Lien.

A homestead upon which a lien has been given by the husband and wife, before its designation as such, and acknowledged in a manner legally binding upon the wife, can not, after the husband's death, be set aside to the widow and minor children free from such lien. Rev. Stats., art 2053. (Pp. 589, 590.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Fannin County.

Tarrant Sims and others sued T. W. Ford, receiver of the J. B. Watkins Land Mortgage Company, in trespass to try title, and, appealing from a judgment for defendant in the trial court, had same reversed and rendered in their favor by the Court of Civil Appeals; whereupon Ford procured writ of error.

*H. G. Evans,* for plaintiff in error.—Where the husband and wife execute a deed of trust upon a tract of land not their homestead at the date of the execution of said deed of trust, to secure the payment of an indebtedness, the same being a community debt, said lien being given on said property by the husband and wife, acknowledged in a manner legally binding upon the wife to secure such indebtedness, the same is a valid lien upon such tract of land, and after the death of both the husband and wife, the estate of the husband being insolvent, the lien can be enforced through the county court where the administration on the husband's estate is pending, and a sale made under the orders of said court, after the claim has been duly probated and allowed by said court, passes a valid title to the purchaser thereof, although said tract of land may have been set apart to the minor children of said deceased husband and wife by an order of said court. Rev. Stats., art. 2053; Griffie v. Maxey, 58 Texas, 210; Hensel v. I. B. & L. Assn., 85 Texas, 215; Champion v. Shumate, 40 S. W. Rep., 394.

Exempt property of deceased vests absolutely in the beneficiaries pointed out by law, subject to pre-existing liens, and as between the widow and children of the administrator, the exempt property goes to the former, and is generally not considered a part of the estate in the hands of the latter, still, under article 2053, Revised Statutes, the exemptions themselves do not take effect, except subject to the lien fixed as provided in said article, and if the estate is insolvent the homestead

could be set apart subject only to such lien. Hensel v. Assn., 85 Texas, 215; Champion v. Shumate, 40 S. W. Rep., 394.

Where one furnishes money to discharge a debt due for the purchase money of land, and it is so used, and a deed of trust is executed at the same time the money is furnished, and said purchase money notes are paid off, said deed of trust being given to secure said money so furnished, the lender is subrogated to the rights of the vendor, and no homestead rights of the widow or minors can be acquired against one thus subrogated and the entire tract of land is liable for said debt. Constitution, art. 16, sec. 50; Rev. Stats., arts. 2060, 2053; Warmund v. Merritt, 60 Texas, 24.

The action of the county court in setting aside the homestead to the minor children of J. C. Sims, deceased, did not divest said court of its authority to subsequently charge the property with a superior lien. The homestead is properly set aside before the time for the presentation of claims against the estate expires, and such disposition of it is made subject to pre-existing claims against it which may still be enforced. Hensell v. Assn., 85 Texas, 215.

*R. B. Semple,* for defendants in error.—Where a deed of trust is executed by the husband and wife to secure a debt owing by the husband conveying lands not occupied as a homestead, and subsequently thereto the husband and wife move on and occupy said land as their homestead and die thereon, leaving minor children as constituents of their family, and the estate of the husband is insolvent, and the county court having jurisdiction over the husband's estate sets apart to said minor children said land as their homestead, said county court can not thereafter order the sale of said land to satisfy said debt; for if the husband dies possessed of the legal title to the land, it becomes charged with all the statutory exemptions, even to the entire defeat of the said incumbrance. Sayles' Civ. Stats., arts. 2060, 2093, 2096, 2091; McLane v. Paschal, 47 Texas, 365; Griffie v. Maxey, 58 Texas, 215; Hall v. Fields, 81 Texas, 561; Zwerneman v. Rosenberg, 76 Texas, 527; Cameron v. Morris, 83 Texas, 17; Krueger v. Wolf, 33 S. W. Rep., 668; Shumate v. Champion, 39 S. W. Rep., 129; Mabry v. Ward, 50 Texas, 412.

BROWN, Associate Justice.—The Court of Civil Appeals states the character of this suit and the facts upon which the judgment is founded, as follows:

"This is a suit instituted by appellee against appellants in trespass to try title to 312½ acres of land. Appellants disclaimed as to a portion of the land, claiming 200 acres of the tract which they definitely described. The case was tried by the court without a jury, and the appellee, plaintiff below, was given judgment for the entire tract. The defendants appealed. The court filed conclusions of fact and law, upon which the judgment is asked to be reviewed without a statement of facts.

"J. C. Sims and wife, S. J. Sims, are the common source of title, and

it is a question of who has the superior right under the common source. October 11, 1888, J. C. Sims borrowed $1000, and executed his note payable in five years, bearing 6 per cent interest; the note is in the form of a real estate mortgage coupon bond, signed by both Sims and his wife. The money was borrowed from Nicholas Kilburn, and the note was executed and made payable to him. At the same time, Sims and wife, to secure the payment of the note, executed to Kilburn a deed of trust upon the land in question, with the usual provisions and power of sale in case of default in payment. Contemporaneous with the execution of said instruments, Sims and wife executed to the J. B. Watkins Land Mortgage Company ten notes, the first for $14, and each of the others for $15, due respectively in 6, 12, 18, 24, 30, [36, 42,] 48, 54, and 60 months. To secure these notes, Sims and wife executed a deed of trust upon the land, with power of sale in case of default in payment, and other usual provisions. These instruments were executed and acknowledged by Sims and wife in accordance with our statutory requirements. At this time, the property was not homestead; Sims and family then had their homestead upon other lands. A few months after these transactions, Sims moved on the land in question, with his family, made it his homestead, and continuously occupied it as such until May 10, 1889, when he died. The wife and children of J. C. Sims continued to occupy it as the homestead of the family after the death of J. C. Sims for about two years, when Mrs. Sims died. That Iowa Sims, Tarrant Sims, Gracie Sims, now Gracie Bishop, were the children of J. C. Sims and wife, were minors and constituent members of the family when the father and mother died. They are now, however, adults. The estate of Sims and wife was insolvent. In 1891 administration was had upon the estate of J. C. Sims. In 1892, after the death of Mrs. Sims, the probate court set aside to the minor children named 200 acres of the homestead 312½ tract, as the homestead, the land now claimed by them. In April, 1892, subsequent to the order setting aside the 200 acres to the minor children as homestead, the probate court ordered the sale of the entire tract of land to satisfy the debts and liens heretofore set out, and the J. B. Watkins Land Mortgage Company became the purchaser at such sale, and the sale was duly reported and confirmed by the probate court. Appellee is receiver of the J. B. Watkins Land Mortgage Company, and as such, prosecutes this suit.". The Court of Civil Appeals reversed the judgment of the District Court and entered judgment in favor of the appellants in that court, Tarrant Sims and others, for 200 acres of the land in controversy.

Article 2053 of the Revised Statutes reads as follows: "No property upon which liens have been given by the husband and wife, acknowledged in a manner legally binding upon the wife to secure creditors, or upon which a vendor's lien exists, shall be set aside to the widow or children as exempted property or appropriated to make up the allowances made in lieu of exempted property, until the debts secured by such liens are first discharged." The terms of this article plainly embrace the land

in question and forbade the probate court to set it aside to the minor children or to the surviving wife in her lifetime as a homestead free from the mortgage debt. If article 2053 is valid, the order of the probate court which set aside the land to the children of J. C. Sims could not vest title in them free from the lien of the mortgage. This question has not been passed upon by this court, but the validity of the article has been recognized incidentally by way of argument and illustration. Griffie v. Maxey, 58 Texas, 214; Hoffman v. Hoffman, 79 Texas, 196.

Under the law as it was prior to the enactment of article 2053, the judgment of the Court of Civil Appeals would be correct; but it was the purpose of the Legislature, in the enactment of that article, to so change the law upon this subject as to authorize parties to waive the right to have the homestead set apart free from existing liens by creating the lien in the manner prescribed.

If article 2053 does not conflict with article 16, section 52, of the Constitution of the State of Texas, its provisions must be upheld and enforced by the courts. That section of the Constitution is in the following language: "On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to use and occupy the same." Under the law existing prior to the adoption of the Constitution, the homestead of an insolvent estate was required to be set aside to the widow and minor children of the deceased and became their property, free from the claims of adult heirs. To remedy this, section 52 was adopted, which changed the rule so that the homestead, whether the estate be solvent or insolvent, should descend to all of the heirs according to law. It was not intended by that section to regulate the rights of creditors and heirs; the language relates alone to the rights of the heirs and the husband and wife, as between themselves, to the homestead property upon the death of either spouse. In the case of Zwerneman v. Von Rosenberg, 76 Texas, 525, our Supreme Court, in construing that section of the Constitution, said: "It is clear that it was not intended to determine the disposition of the homestead after the death of the owner as between his heirs and his creditors further than to designate it as a home for the surviving husband or wife and for the minor children under the prescribed limitations. In the previous Constitutions of this State, the disposition of the homestead after the death of the owner was left wholly to the wisdom of the Legislature. It is so also in the present Constitution, except as to the manner of its descent and the use reserved to the surviving spouse and the minor children. The language 'shall descend and vest as other property of the deceased' was employed, we think, to determine the persons who should take and their respective in-

terests, but not the conditions which were to be imposed upon the inheritance. It was not, in our opinion, intended that the homestead should descend charged with the payment of debts as other property."

The only language in that section susceptible of a construction which would make it bear upon the liability of the homestead for pre-existing lien debts is, "shall descend as other property." If we hold that this had reference to the liability of the homestead for the debts of the deceased, then it must have an effect contrary to the contention of the defendants in error, because, if it descends, affected by debts, as other property, it would be subject to any valid lien existing upon it at the time of the death of the husband or wife, because that is the condition in which other property descends with reference to the rights of creditors. But the section has no reference to the rights of creditors and heirs. It was merely intended to abrogate the statute which gave the homestead absolutely to the widow and minor children, and to secure to the adult heirs their rights in the property after the use of it as a homestead had ceased.

If Mrs. Sims had died, her surviving husband and her children would have had the same rights as the surviving wife and children had upon his death, and if the construction claimed be sound, Sims, as surviving husband, could have held the homestead free from the mortgage. This result shows the fallacy in the argument of defendants in error.

The Court of Civil Appeals erred in reversing the judgment of the District Court and in rendering judgment in favor of Tarrant Sims and others against plaintiff in error. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and the judgment of the District Court be affirmed.

*Judgment of Court of Civil Appeals reversed.*
*Judgment of District Court affirmed.*