INVESTORS' MORTGAGE SECURITY COMPANY v. MRS. L. L. NEWTON ET AL.

No. 2945. Decided May 14, 1919.

**Homestead—Mortgage Before Marriage.**

A single man gave a mortgage on land, married, made it his homestead, abandoned it, and renewed the note and mortgage to a loan company which had taken it over at his request and while it was still abandoned as homestead. Afterwards he reoccupied it as homestead of himself and family and died, leaving his estate insolvent. Held that the mortgage was superior to the homestead rights of his surviving wife. Hedeman v. Newnom, 109 Texas, 472. (P. 480.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

The Investors' Mortgage Security Company sued Mrs. Newton and others to foreclose a mortgage on land claimed by defendants as homestead. Judgment was for defendants, and plaintiff obtained writ of error on its affirmance on his appeal (184 S. W., 29).

*Gano & Gano, Coke & Coke,* and *W. N. Coombs,* for plaintiff in error.

The loan upon the lands in controversy, created and fixed by E. E. Newton, a single man long prior to his marriage, and securing the indebtedness herein sued upon, is superior to any homestead claim, or claims in lieu of homestead, arising under and by virtue of his subsequent marriage; a lien created by a deed of trust upon the separate property of an unmarried man is superior to homestead claims upon said lands arising out of a marriage relationship or status not then in existence. McCracken v. Taylor, 146 S. W., 693; Griffin v. Maxey, 58 Texas, 213; Eylar v. Eylar, 60 Texas, 321; Smith v. Von Hutton, 75 Texas, 625; Harle v. Richards, 78 Texas, 80; Howard v. Marshall, 48 Texas, 481; Shields v. Company, 50 S. W., 221; Roco v. Green, 50 Texas, 490; Baird v. Trice, 51 Texas, 560; Constitution of Texas, art. 16, sec. 50; Berry v. Boggess, 62 Texas, 238; Jordan v. Imthrum, 51 Texas, 288; Parriss v. Jewell, 122 S. W., 399; Ford v. Sims, 93 Texas, 589; Sampson v. Williamson, 6 Texas, 102; Astuguville v. Laustannan, 61 Texas, 239; Const. of U. S., 14th amendment, sec. 1; White B. Co. v. People, 175 Ill., 51; Leep v. St. Louis & I. M. Ry. Co., 23 L. R. A., 264.

*N. G. Turney, M. G. Owen, E. E. Hunt,* and *R. L. Hunt,* for defendants in error.

The right of said widow and minors to the homestead established by E. E. Newton on the 92 acres of land in suit, May 2, 1903, and maintained until he died thereon, February 26, 1910, was superior to the simple deed of trust lien given to secure a mere loan of money, evidenced by the note for $600, and the deed of trust on said land executed by E. E. Newton to Phillip Lindsley, and negotiated to James R. Mitchell, before E. E. Newton was married. And with or without said probate orders setting apart said .homestead to said widow and minors, upon E. E. Newton's death, they took said homestead discharged of said lien to which plaintiff was subrogated, and that too, whether decedent's estate was solvent or insolvent. Hoefling v. Hoefling 167 S. W., 210, with citations; Am. B. C. of B. v. Logan, 166 S. W., 1132, with citations; Griffie v. Maxcy, 58 Texas, 214-215; Prestley's Heirs v. Robertson, 57 Texas, 459; Blinn v. McDonald, 92 Texas, 604; Krueger v. Wolf, 12 Texas Civ. App., 167; Zeschange v. Helmke, 84 S. W., 439-440; Huffman v. Huffman, 79 Texas, 189, with illustrations and principles of the dissenting opinion, pp. 197-201; Childress v. Henderson & Co., 76 Texas, 664; McLane v. Paschal, 47 Texas, 369-70; Anderson v. McGee, 130 S. W.; 1040; Reeves v. Petty, 44 Texas, 249; Robertson v. Paul, 16 Texas, 475-477; Green v. Crow, 17 Texas, 180; Runnels v. Runnels, 27 Texas, 516; Mayman v. Reviere, 47 Texas, 358; Carter v. Randolph, 47 Texas, 378; Horn v. Arnold, 52 Texas, 164-165; Abney v. Pope, 52 Texas, 292-293; Scott v. Cunningham, 60 Texas, 566-568; Lacy v. Lockett, 82 Texas, 190; Hall v. Field, 81

Texas, 561; Cameron v. Morris, 83 Texas, 17-18; Watson v. Rainey, 69 Texas, 322; Wooley v. Sullivan, 92 Texas, 28; Roots v. Robertson, Admr., 93 Texas, 371-373; Ford, Recr., v. Sims, 93 Texas, 589-590; Zwernemann v. Von Rosenberg, 76 Texas, 522; King v. Battaglia, 38 Texas Civ. App., 28; Hensel v. Assn., 85 Texas, 215; Simkins, Adm. Estates, 193-195.

Mr. Chief Justice PHILLIPS delivered the opinion of the court.

The suit was one by the plaintiff in error in the District Court against the surviving widow and children of E. E. Newton, deceased, to establish an indebtedness and lien upon certain land in Dallas County constituting Newton's homestead at the time of his death, the claim having been previously presented for allowance to his administratrix and having been refused by her.

The original note and lien were given by Newton when he was a single man. More than a year afterwards he married. Later, he made the land his homestead, but subsequently abandoned it and moved to Oklahoma, where he established the residence of himself and family. While living in Oklahoma, Newton applied to the plaintiff in error for the purpose of having it take up the loan and lien, which it did. It thereby became subrogated to the lien. The original note was by it renewed and extended at Newton's request, a new note being taken for the amount of the original principal, the accrued interest and the expense incurred in the transaction, and a new deed of trust being executed, the wife not joining in either the new note or the deed of trust. Newton still resided with his family in Oklahoma when the transaction was closed, and there was then no homestead right in the land. After this, Newton returned to Texas with his family, occupying the land as his homestead. His estate proved insolvent.

The case differs in no essential respect from that of Hedeman v. Newnom, this day decided. It is accordingly ruled by that decision to which we refer.

The judgments of the Court of Civil Appeals and District Court are reversed and the cause is remanded to the District Court with the direction that the claim be established as a valid and superior lien upon the land.

*Reversed and remanded.*