## GREGORY et al. v. WARD.    (No. 1400.)

(Court of Civil Appeals of Texas. Beaumont. June 4, 1926. Rehearing Denied June 16, 1926.)

1. **Homestead** ⬠⟳96—**Vendor's lien is superior to homestead claim (Rev. St. 1925, art. 3839).**

A vendor's lien is superior to any claim of homestead in land, and cannot be deferred or prejudiced by land becoming stamped with homestead character, whether that of original vendee or subsequent owner, in view of Rev. St. 1925, art. 3839, providing that homestead exemption shall not apply to purchase-money debts.

2. **Appeal and error** ⬠⟳242(3).

For ruling on plea of abatement to be available on appeal, judgment itself must show disposition of such plea.

---

**3. Abatement and revival ⬳27—Vendor and purchaser ⬳279.**

In suit to foreclose vendor's lien, heirs of deceased vendee who had conveyed their interest were not necessary parties, and plea in abatement for nonjoinder of such heirs was properly overruled.

**4. Homestead ⬳141(1), 142(1) — Order of probate court, setting apart as homestead of debtor's widow and children land on which plaintiff had a vendor's lien, held not to affect plaintiff's right to have lien foreclosed (Vernon's Ann. Civ. St. Supp. 1918, art. 3420).**

In view of Vernon's Ann. Civ. St. Supp. 1918, art. 3420, order of probate court designating and setting aside as homestead of debtor's widow and children land on which plaintiff had a vendor's lien as a homestead, could not affect plaintiff's right to have lien foreclosed.

**5. Vendor and purchaser ⬳279.**

Subvendees, who purchased land with notice of existing vendor's lien, are not necessary parties in suit to foreclose such lien.

**6. Vendor and purchaser ⬳278 — Plaintiff's vendor's lien held not barred as to defendants who purchased with notice thereof, where suit was brought before vendor's lien notes were barred by limitations (Vernon's Sayles' Ann. Civ. St. 1914, art. 5704).**

Where defendants purchased land from heirs of deceased vendee with notice of existence of plaintiff's vendor's lien and, at time suit was filed by plaintiff to collect vendor's lien notes and to foreclose lien, four years had not elapsed since last note of series became due, taking into consideration suspension of limitation provided by Vernon's Sayles' Ann. Civ. St. 1914, art. 5704, held, that plaintiff's vendor's lien was not barred by four-year statute of limitations.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Action by M. L. Ward against Mary J. Gregory, individually and as administratrix of the estate of Thomas W. Gregory, deceased, and others. Judgment for plaintiff, and C. W. Howth and Mrs. Violet G. O'Fiel appeal. Affirmed.

O'Fiel, Weidemann & Reagan, of Beaumont, for appellants.

Smith, Crawford & Sonfield, B. F. Pye, and J. L. C. McFaddin, all of Beaumont, for appellees.

HIGHTOWER, C. J. This suit was filed in one of the district courts of Jefferson county by the appellee M. L. Ward as plaintiff, on February 21, 1923, against Mary J. Gregory, individually and as administratrix of the estate of Thomas W. Gregory, deceased, Kirby Lumber Company, John Deere Plow Company, C. W. Howth, and David E. O'Fiel, as the original defendants. Appellee

alleged in his petition that on or about November 23, 1917, he sold and conveyed by his deed of that date to Thomas W. Gregory, deceased, two certain tracts of land in the A. Horton survey in Jefferson county, aggregating approximately 87 acres, and that part of the consideration for the land was paid in cash by Gregory, and the remainder of the purchase money was evidenced by three vendor's lien notes executed by Gregory, the notes being payable one, two, and three years, respectively, after date. He alleged that in the deed to Gregory the vendor's lien was expressly retained to secure the payment of the notes at their maturity, and that the vendor's lien was also expressly retained in the notes themselves. He further alleged that the first of the series of notes (that is, note No. 1) had been paid, but that notes Nos. 2 and 3 had never been paid; that Thomas W. Gregory died about May 27, 1918, and that his widow, Mary J. Gregory, one of the defendants, was evidenced by three defendants, was appointed administratrix of the estate of her deceased husband by the probate court of Jefferson county, and duly qualified as such administratrix on November 14, 1918; that plaintiff had presented to Mrs. Gregory, as administratrix, the two unpaid vendor's lien notes for her allowance and approval as a claim against the estate of Thomas W. Gregory, and that she approved and allowed the claim so presented to her for the full amount of the two vendor's lien notes, and that thereafter the probate court of Jefferson county made its order approving and allowing said notes and ordering their payment. Appellee alleged that notes Nos. 2 and 3 were still wholly unpaid, and appellee prayed for judgment against Mrs. Gregory, individually and as administratrix of the estate of Thomas W. Gregory, deceased, and for judgment against C. W. Howth and David E. O'Fiel for the amount of the notes, interest, and attorney's fees, and for foreclosure of the vendor's lien as against all of the defendants.

On February 10, 1925, appellee, by amended petition, made Mrs. Violet G. O'Fiel, wife of David E. O'Fiel, a party defendant, and prayed for the same relief against her as sought against the other defendants.

Kirby Lumber Company and John Deere Plow Company each filed a disclaimer, and the other defendants answered by a plea in abatement, in which they alleged that the heirs of Thomas W. Gregory were necessary parties to this suit, and further, in substance, that the land sought to be here subjected to the vendor's lien was the homestead of Thomas W. Gregory and his family at the time of his death and remained the homestead of Mrs. Gregory and several of their minor children after his death, and was still such homestead; that the order of the probate court allowing and approving appellee's claim of indebtedness evidenced by the vendor's lien

notes was a nullity for the reason that the probate court had no power or jurisdiction to allow or approve any claim affecting the homestead of the Gregories, and the defendants C. W. Howth and Mrs. Violet G. O'Fiel further answered that the appellee's right, if any he ever had, to enforce the vendor's lien against the land in question was barred by the statute of limitations of four years. This will suffice as a statement of the pleadings.

The case proceeded to trial with a jury, but, upon conclusion of the evidence, the court peremptorily instructed a verdict in favor of the appellee for the foreclosure of the vendor's lien as prayed by him on the land in controversy to the extent of his debt, principal, interest and attorney's fees, represented by the two vendor's lien notes, and entered judgment in accordance with the verdict, and, from this action and judgment of the trial court, C. W. Howth and Mrs. Violet G. O'Fiel prosecute this appeal. Appellants advance several assignments and related propositions, by which they contend the judgment should be reversed and rendered in their favor, but, if not so, that it should at least be reversed and the cause remanded.

The controversy is based upon the following facts: On November 23, 1917, the appellee M. L. Ward conveyed by deed to Thomas W. Gregory, deceased, approximately 87 acres of land in the A. Horton survey in Jefferson county, the consideration for which was paid by Gregory partly in cash and the remainder was evidenced by his three vendor's lien notes. The deed to Gregory expressly retained a vendor's lien as did also the notes, to secure the payment of the unpaid purchase money for the land. The notes were payable in one, two, and three years after the date of the transaction. Thomas W. Gregory died May 27, 1918, and after his death the first note, or note No. 1, was paid. Mrs. Mary J. Gregory was duly appointed administratrix of the estate of Thomas W. Gregory on November 13, 1918, and duly qualified as administratrix on the following day.

On September 3, 1921, Mrs. Mary J. Gregory, individually, and the children and heirs of Thomas W. Gregory executed and delivered to C. W. Howth and David E. O'Fiel a deed, by which for a valuable consideration they conveyed to C. W. Howth and David E. O'Fiel, the 87 acres of land in controversy. This deed was not placed of record, but upon the trial it was introduced in evidence, and on the back of it was the following notation:

"2/1/22. For value received I & we hereby transfer all my & our right, title & interest in the within described land to Mrs. Violet G. O'Fiel, to become her own separate estate.

"David E. O'Fiel.
"C. W. Howth."

On October 24, 1924, Mrs. Violet G. O'Fiel and her husband, David E. O'Fiel, executed a deed purporting to convey to C. W. Howth an undivided one-half interest in the 87 acres of land in controversy, and this deed was duly acknowledged and filed for record on the day of its execution.

On January 9, 1925, Mrs. Mary J. Gregory, as administratrix of the estate of Thomas W. Gregory, deceased, approved the claim of indebtedness held by the appellee Ward, represented by the two unpaid vendor's lien notes, as a just claim and debt against said estate, and on January 24, 1925, the probate court of Jefferson county, by its order duly made and entered, allowed and approved this claim for the full amount as had been done by the administratrix.

One of the bills of exception found in this record shows that on May 13, 1925, Mrs. Mary J. Gregory, as administratrix of the estate of Thomas W. Gregory, filed an application in the probate court of Jefferson county to have the land in controversy designated and set apart as the family homestead of the Gregorys, and on the same day this application was granted.

[1] One of appellants' contentions in this court is that the trial court was in error in refusing to permit appellants to introduce evidence showing that at the time of Gregory's death the land in controversy constituted the family homestead of the Gregorys, and that it continued the family homestead of his widow and three of their minor children after his death. Such evidence was offered by appellants, but upon objection by appellee that such evidence was wholly immaterial to any issue in this case, the court excluded it, and appellants saved their bill. If we understand the contention of appellants in this connection, it is, in substance, that the 87 acres of land involved, if it had become the homestead of Gregory at the time of his death and remained the homestead of his widow and minor children after his death, could not be subjected to the vendor's lien of appellee sought to be foreclosed in this suit. We cannot agree with this contention of appellants. As we have shown, when appellee conveyed this land to Thomas W. Gregory, the vendor's lien was expressly retained, both in the deed and in the notes to secure the payment of the remainder of the purchase money, and this suit was brought for the purpose of collecting two of these vendor's lien notes which had not been paid, and for the foreclosure of the vendor's lien which was retained by the appellee at the time the land was conveyed to Thomas W. Gregory. We think the court was correct in refusing to permit appellants to introduce evidence showing that the land in controversy had become stamped with the homestead character, because that fact, if a fact, was wholly immaterial. It is provided by the statutory law of this state that:

"The exemption of the homestead provided for in this chapter shall not apply where the debt is due: 1. For the purchase money of

such homestead or a part of such purchase money. * * *" Article 3792, Revised Civil Statutes of Texas 1911; article 3839, 1925 Revision.

The appellate courts of this state have uniformly held that the vendor's lien is superior to any claim of homestead in land, and it cannot be deferred or in any manner prejudiced by the fact that the land conveyed had become stamped with the homestead character, whether that of the original vendee or some subsequent one. Jackson v. Bradshaw, 24 Tex. Civ. App. 30, 57 S. W. 878; Quinn v. Dickinson (Tex. Civ. App.) 146 S. W. 993; Evans v. Marlow (Tex. Civ. App.) 149 S. W. 347; Howell v. Townsend (Tex. Civ. App.) 217 S. W. 975; Glenn v. Shamburger et al. (Tex. Civ. App.) 240 S. W. 701. Practically innumerable authorities might be cited in support of this conclusion. Therefore the trial court was correct in declining to permit appellants to make proof of the homestead character of the land in controversy.

[2, 3] Another contention made by appellants is that the trial court was in error in refusing to sustain their plea in abatement; that is, their plea of the nonjoinder of the heirs of Thomas W. Gregory. This contention might be disposed of by saying that the judgment in this case fails to show any ruling by the trial court upon this plea in abatement. The judgment does recite that the demurrers and exceptions interposed by appellants were overruled, but there is no recitation in the judgment concerning the plea in abatement. The disposition of such a plea must be shown by the judgment itself. If, however, it were recited in the judgment that the plea in abatement was overruled, we fail to see that it would avail appellants anything. Unless the heirs of Gregory were necessary parties to this suit, certainly the plea in abatement was correctly overruled, if it was overruled. Gregory's heirs could not be necessary parties to this suit, because whatever right, title, or interest they ever had in the land in controversy passed by their deed to C. W. Howth and David E. O'Fiel, as shown above, and therefore they had no interest in this land when this suit was filed, and have none now so far as this record shows. Having no interest in the land in controversy, these heirs had no defense that they could successfully interpose to the appellee's suit for the foreclosure of the vendor's lien against this land. Cooley v. Miller (Tex. Com. App.) 228 S. W. 1085. This contention of appellants is overruled.

[4] Another contention made by appellants is that the trial court erred in refusing to permit them to introduce in evidence the order of the probate court of Jefferson county, dated May 13, 1925, designating and setting aside the 87 acres of land in controversy as the homestead of Mrs. Gregory and children. We think the court was correct in refusing to permit appellants to introduce this order. In the first place, this order was made several years after Mrs. Gregory and the heirs of Thomas W. Gregory, deceased, had conveyed to C. W. Howth and David E. O'Fiel all the title and interest that they had in this land, and the order was made also several months after the probate court had allowed this claim, as we have shown. In the next place, the probate court of Jefferson county was without authority or power to prejudice appellee's vendor's lien against the land in controversy by designating it and setting it apart as a homestead. Article 3420, Vernon's Ann. Civ. St. Supp. 1918, provides as follows:

"No property upon which a lien or liens have been given by an unmarried person, or by the husband and wife acknowledged in a manner legally binding upon the wife, or upon which a vendor's lien or other lien or liens existing at the date of acquisition of the property exists, shall be set apart to the widow or children as exempted property, or appropriated to make allowances made in lieu of exempted property, or for the support of the widow or children, until the debts secured by such liens are first discharged, and provided that this article shall apply to all estates regardless of whether solvent or insolvent."

It would seem clear from the statute just quoted that the order of the probate court of Jefferson county, designating and setting aside the land in controversy as a homestead for Mrs. Gregory and family, could in no manner affect the right of appellee to have the vendor's lien foreclosed, as sought by him. See, also, Hedeman v. Newnom, 109 Tex. 472, 211 S. W. 968; Investors' Mortgage Security Co. v. Newton, 109 Tex. 478, 211 S. W. 971; Ford v. Sims, 93 Tex. 586, 57 S. W. 20. The cases cited by appellants in their brief in support of their contention in this connection have no application to the facts of this case, as none of them were cases in which a vendor's lien was sought to be foreclosed. Appellants' contention on this point is overruled.

[5, 6] It is further contended by appellant that the right of appellee to foreclose the vendor's lien against the land in controversy was barred by the statute of limitation of four years, and especially so with reference to Mrs. Violet G. O'Fiel, who was not made a party to this suit until February 10, 1925. As we have shown above, the suit as originally filed against all defendants other than Mrs. O'Fiel was filed February 21, 1923, and at that time Mrs. Mary J. Gregory was made a party defendant, both individually and as the legal representative, that is, the administratrix, of the estate of Thomas W. Gregory, deceased, and the foreclosure of the vendor's lien was there prayed for. That alone, in

our opinion, answers the contention of Mrs. O'Fiel and Mr. Howth that the vendor's lien was barred by limitation as against them. Mrs. O'Fiel and Mr. Howth were not necessary parties to this suit at all, for the foreclosure of the vendor's lien, they being subvendees who purchased the land with notice of the existing vendor's lien. Howell v. Townsend (Tex. Civ. App.) 217 S. W. 975; Wier v. Yates (Tex. Civ. App.) 237 S. W. 623; Lindsey v. Hart (Tex. Civ. App.) 260 S. W. 286; Ufford v. Wells, 52 Tex. 612; Johnson v. Smith (Tex. Sup.) 280 S. W. 158. At the time C. W. Howth and David E. O'Fiel purchased this land from Mrs. Mary J. Gregory and the heirs of Thomas W. Gregory, the deed from the appellee to Thomas W. Gregory was duly of record, showing the retention of the vendor's lien against this land, and they purchased this land with notice of the existence of the lien, and, this suit having been filed, as we have shown, against all the parties with the exception of Mrs. O'Fiel, and especially against Mrs. Mary J. Gregory, as administratrix of the estate of Thomas W. Gregory, deceased, before either of the notes was barred by limitation, appellants cannot sustain their contention that appellees' vendor's lien was barred as to either of them. Moreover, if Mrs. O'Fiel acquired any interest in the land in controversy by reason of the notation on the back of the deed to C. W. Howth and David E. O'Fiel, still, under the facts of this case, she cannot successfully interpose the defense of four years' limitation. As we have shown, Thomas W. Gregory died May 27, 1918. Mrs. Gregory did not qualify as administratrix until November 14, 1918. The last vendor's lien note of this series did not become due until November 23, 1920. Under the statutory law of this state (article 5704, Vernon's Sayles' Ann. Civ. St. 1914), limitation against appellee's cause of action was suspended for a period of one year from the date of Thomas W. Gregory's death, unless the administratrix sooner qualified, and she not having qualified until November 14, 1918, as we have shown, four years had not elapsed since the last note of the series became due, deducting the nearly four and a half months that limitation was suspended, until Mrs. O'Fiel was made a party to this suit. Citizens' National Bank v. Graham (Tex. Com. App.) 275 S. W. 997. Upon no supposable theory can Mrs. O'Fiel or Mr. Howth successfully interpose the four years' statute of limitation against the enforcement by appellee of the vendor's lien, as sought by him in this case.

This, in effect, disposes of the main contentions made by appellants for the reversal of this judgment, and it follows from our conclusions above that the trial court's judgment was correct, and must be affirmed, and it is so ordered.