## GOOCH v. SANDBOE.
### No. 9926.

Court of Civil Appeals of Texas. Galveston.
Feb. 5, 1934.

Rehearing Denied March 1, 1934.

A. T. Norman, of Houston, for appellant.

GRAVES, Justice.

This is an appeal by the plaintiff below from the following judgment of the trial court sustaining the plea in abatement of the defendant there to the petition of the plaintiff, which in the nature of a bill of review sought the setting aside of a default judgment entered at a preceding term of the same court in cause No. D–196747, between the same parties, upon averments to the effect

that such prior judgment had been entered without notice to him thereof or of the setting even of the cause for trial until too late for him to file a motion for rehearing therein or give notice of appeal therefrom:

"A. L. Gooch vs. F. J. Sandboe. No. A-205099.

"Be it remembered, that on the 17th day of August, 1932, came on to be heard in due order the defendant's plea in abatement and/or to the jurisdiction in the above styled and numbered cause, and came the parties by their respective counsel and announced ready thereon; and such plea having been filed and presented to the court in due time, manner, and form, and with due notice, and the court having heard said plea, the record, and the argument of counsel thereon, and having duly considered the same and being fully advised herein, is of the opinion that the law is with the defendant.

"It is therefore ordered, adjudged, and decreed that said plea be, and the same is, here now in all things sustained, and that all part and portion of plaintiff's alleged cause of action seeking cancellation of the judgment therein complained of be, and the same is, here now in all things stricken and dismissed."

The plea in abatement of the defendant below that was thus sustained contained, among other things, these averments:

"Defendant further alleges that plaintiff's said allegations in reference to his attempted filing of a motion for a new trial and the refusal of the Court to entertain and hear the same because the legal time within which to file same had expired are false and untrue and fraudulently made in an attempt to obtain and invoke the jurisdiction of this Honorable Court; that in truth and in fact, and contrary to plaintiff's said allegations, the defendant in said original cause (Plaintiff herein) filed therein his original motion for a new trial and/or in arrest of judgment on February 24, 1932; that thereafter, on March 29, 1932, leave was granted said defendant to file an amended motion for a new trial, which said amended motion was on said date filed by said defendant, and that thereafter, on Saturday, April 16, 1932, the Court after hearing evidence on said amended motion overruled the same, to which action and ruling of the Court said defendant then and there excepted, all of which motions, orders and proceedings are reflected in the records of said Court and constituted a complete and sufficient basis for review, by appeal or writ of error, of the judgment now complained of

and sought to be set aside in and by plaintiff's said second amended original petition, and had plaintiff prosecuted such appeal or writ of error he could have secured full and adequate relief at law.

"By reason of all of which, defendant respectfully asserts that this Court is without jurisdiction in equity to hear or entertain plaintiff's said alleged cause of action for the cancellation of said judgment, and here now prays judgment whether it can or will take further cognizance thereof."

The cause comes here without a statement of facts, or other proper record of the trial below in any way attacking or impeaching the quoted finding of the trial court to the effect that the recitations of fact so contained in the plea referred to were true; wherefore, it is obvious in this state of the record that this court is bound by such finding of the trial court, and the appeal presents nothing for review here. Accordingly, the judgment has been affirmed.

Affirmed.