**GEYER v. JONES.**
No. 9842.

Court of Civil Appeals of Texas. San Antonio.

April 8, 1936.

Rehearing Denied May 6, 1936.

Storey, Sanders & Sherrill, of Dallas, and Theodore E. Simmang, of San Antonio, for appellant.

J. B. Lewright, Kelso, Locke & King, and Russell S. Ponder, all of San Antonio, for appellee.

SMITH, Chief Justice.

On March 9, 1929, appellant, A. A. Geyer, executed two obligations to appellee, Elliott Jones, attorney in fact for the Underwriters at Lloyds America, an insurance concern operating under the provisions of articles 5013 to 5023, R.S.1925, as amended by Acts 1929, 1st called Sess., c. 11, § 1 (Vernon's Ann.Civ.St. arts. 5013 to 5023). Each obligation was for $3,000, one a negotiable note, payable on a specific date and secured by a deed of trust lien on Dallas real estate, and the other, a nonnegotiable unsecured note, payable only in a prescribed contingency, and upon specific demand.

In February, 1935, appellant instituted suit in a district court of Dallas county, in the form of an action in trespass to try title and for possession of said real property, and, in the alternative, to cancel said negotiable note and deed of trust lien to secure same.

A few weeks later appellee instituted suit in a district court of Bexar county to recover upon both notes, and to foreclose the deed of trust lien upon said property. In this suit appellant filed a plea in abatement, based upon the pendency of his said suit in Dallas county. To obviate this plea, appellee amended and omitted that part of his cause of action based upon the negotiable note and deed of trust lien securing the same. The trial judge overruled appellant's original plea in abatement, as well as an amended plea based upon the same cause for abatement.

In a trial upon the merits before the court without a jury, judgment was rendered in favor of appellee for the amount of the unsecured note, and this appeal is from that judgment.

The appeal rests upon appellant's contentions that the court erred in not sustaining appellant's plea in abatement, and that appellee's suit upon the unsecured note was barred by the four-year statute of limitations. (Vernon's Ann.Civ.St. art. 5527). We are of the opinion that there is no merit in either contention.

The note in question was executed by appellant as a subscriber to Lloyds America, under the term of an underwriter's agreement, whereby the obligation was payable only, and as the subscriber was required to contribute to the guarantee fund of the underwriter, and then only in the proportion exacted of all subscribers, indiscriminately, to be determined by the attorneys in fact for the underwriters, and upon the latter's call therefor. In short, no part of the obligation could become due and payable until the attorneys in fact determined the contingency and made demand upon the subscriber for payment of the whole, or the ascertained part, of the obligation. Demand was made of appellant in this case in August, 1932, on the note executed in March, 1929; this suit was instituted within less than four years after demand and was therefore not barred by the statute invoked by appellant. 17 R.C.L. p. 755, § 121; 28 Tex.Jur. p. 171; Bering Mfg. Co. v. W. T. Carter & Bro. (Tex.Com.App.) 272 S. W. 1105.

With reference to the ruling upon the plea in abatement, the court heard and determined the plea in limine. Presumably, the court heard evidence on the plea, but the evidence is not brought forward in the record, and its sufficiency cannot be determined here. In that case, the court's ruling thereon cannot be disturbed on appeal. But, considering the record at large, it appears that the Dallas suit involved only the negotiable note and deed of trust lien to secure it, and did not involve the obligation here sued on, which was not even mentioned in the Dallas suit. The burden was upon appellant to both allege and prove, affirmatively, that

the causes of action and purposes of both suits were the same, and that the Dallas suit had not only been previously instituted, but was still pending there. Appellant has not met this burden, and the ruling of the trial judge in the matter is binding upon this court, in the absence of a statement of the facts adduced at the hearing thereon. 1 Tex.Jur. pp. 120, 122.

The judgment is affirmed.