**UNITED STATES LEASING CORPORATION, Appellant,**

**v.**

**O'NEILL, PRICE, ANDERSON & FOUCHARD, INC., Appellee.**

**No. 1643.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 8, 1977.

William A. Petersen, Jr., Lapin, Totz & Mayer, Houston, for appellant.

W. Steven Winter; Winter & Associates, Inc., Houston, for appellee.

CIRE, Justice.

Plaintiff appeals from the dismissal of its action with prejudice for failure to comply with a discovery order.

Plaintiff-appellant United States Leasing Corp., a California corporation, sued defendant-appellee O'Neill, Price, Anderson & Fouchard, Inc. for payment of rentals allegedly due on a lease of equipment. Defendant answered and, on October 16, 1975 filed interrogatories which it requested plaintiff answer within 16 days of receiving them. On October 21, plaintiff filed exceptions to the interrogatories, which were sustained in part by order of the court on November 21; this order further allowed plaintiff an additional 60 days to answer the interrogatories. On August 4, 1976 defendant filed a motion to compel answers to interrogatories, which motion was granted by an order of the court on September 30, 1976. The court ordered plaintiff to answer the interrogatories on or before October 10, 1976 (a Sunday), and further ordered "that if Plaintiff does not comply with this Order, within the time specified, that the plaintiff's responsive answers shall be struck, and Judgment be rendered against it . . . . ."

Plaintiff filed answers to the interrogatories on October 11, 1976 (a Monday). The answers showed that they were given by Walter A. Hunter, of San Francisco, California, assistant vice president of plaintiff corporation. However, the answers were not signed by Hunter, but by plaintiff's attorney. Attached to the answers was an affidavit stating that the answers were furnished by plaintiff's agent, that the attorney had been authorized to execute the answers in plaintiff's behalf and in Hunter's name, and that, based upon the information furnished by plaintiff, the answers were true and correct.

On October 11 defendant filed a motion to dismiss the suit with prejudice, giving as its sole reason therefor that no answers to the interrogatories had yet been served upon it. Defendant's counsel received the answers the next day, October 12. After a hearing, the court ordered plaintiff's action dismissed with prejudice, from which order plaintiff appeals.

Defendant-appellee now stipulates that the answers were timely filed, but justifies the trial court's dismissal of the suit on Hunter's failure to sign the answers. Defendant points out that under rule 168, Texas Rules of Civil Procedure, answers to interrogatories shall be signed by the person making them. And though rule 14 authorizes a party's attorney or agent to make an affidavit for the party, this rule is specifically excluded from the requirements for answering interrogatories under rule 168.

We agree that, under rule 168, a corporation's attorney may not sign answers to interrogatories given by some other agent or employee of the corporation, but the defect in the verification of the answers was never brought to the attention of plaintiff or the court as a ground for dismissing

the action. We believe the proper course would have been for the defendant to file a motion to strike the answers stating his grounds therefor, thus giving plaintiff an opportunity to correct the defect. This was not done, and plaintiff had no reasonable notice of this deficiency.

The court, in dismissing the action with prejudice, sought to use the sanctions available to it to compel compliance with its discovery order under rule 215a(c). We are convinced of the value of pre-trial discovery in our system and that, to be effective, the trial court must frequently impose sanctions in order to enforce its discovery orders. We further recognize that the imposition of such sanctions is a matter of discretion for the trial court, and that its judgment will be set aside only upon a clear showing of abuse. But the office of sanctions is to secure compliance with the discovery rules, not to punish erring parties. *Robison v. Transamerica Ins. Co.*, 368 F.2d 37, 39 (10th Cir. 1966); *Ebeling v. Gawlik*, 487 S.W.2d 187, 190 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). It was an abuse of discretion to dismiss this case with prejudice for a deficiency in form of which plaintiff had no reasonable notice. *Ebeling v. Gawlik, supra,* at 189.

The judgment of the trial court is reversed, and the case is remanded.