**FIRESTONE PHOTOGRAPHS, INC., Appellant,**

v.

**Cyrus T. LAMASTER, Appellee.**

**No. 8550.**

Court of Civil Appeals of Texas, Texarkana.

June 6, 1978.

Daniel L. Firestone, Firestone Photographs, Inc., pro se (on appeal only).

Robert G. Boydston, Roberts, Walls & Boydston, Dallas, for appellee.

CORNELIUS, Chief Justice.

The principal issue to be determined on this appeal is the propriety of the district court's award to the plaintiff of Sixty-five Thousand Two Hundred and Forty-five Dollars ($65,245.00) in the form of sanctions imposed upon the defendant for refusal to comply with discovery orders.

· Plaintiff Lamaster filed suit against Defendant Firestone Photographs, Inc., asserting a cause of action based upon alleged fraudulent representations in connection with a "distributor agreement" they had executed. Plaintiff sought rescission of the agreement, actual damages, punitive damages and attorney's fees. Several disputes arose between the parties concerning defendant's obligation to answer certain interrogatories, and whether defendant's president, Daniel L. Firestone, would be required to appear in Dallas, Texas, for the purpose of giving his deposition. The defendant complained that several of the interrogatories would require answers which would violate the privilege against self-incrimination and would improperly reveal certain trade secrets; that because of the great amount of information sought by some of the interrogatories and the voluminous state of defendant's business records, plaintiff should be required to go to Ohio where the records were located and secure the information by his own inspection pursuant to the provisions of Tex.R.Civ.P. 168; and that Mr. Firestone should be deposed in Ohio, where he resided, rather than in Dallas. Defendant requested that the court enter a protective order granting it relief from the objectionable features of the discovery proceedings. After notice and hearing, the district court entered a modified protective order guarding against the unauthorized dissemination of information concerning defendant's alleged trade secrets, but refused to require plaintiff to go to Ohio and secure the desired information from an inspection of the defendant's records, or to require Mr. Firestone's deposition to be taken in Ohio rather than in Dallas. Despite the court's orders to do so, defendant refused to answer certain of the interrogatories and failed to produce Mr. Firestone for deposition. After several motions for contempt and for sanctions had been filed and hearings held thereon, the district court entered an order granting sanctions, which provided, inter alia, the following:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that Defendant, Firestone Photographs, Inc., pay sanctions of Two Hundred Fifty Dollars ($250.00) for failing to appear at the deposition on February 13, 1976, and further that Defendant pay sanctions of Two Hundred Fifty Dollars ($250.00) for failure to submit answers to Plaintiff's interrogatories on February 12, 1976, each such action being contrary to the previous orders of this Court.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that if Defendant fails to appear for the deposition by producing its President, Daniel L. Firestone, with the subpoenaed materials, at the offices of Plaintiff's attorney or in this Court, at Defendant's election· upon giving twenty-four (24) hours notice of place and time to Plaintiff's attorney, within twenty (20) days from February 19, 1976, Defendant shall pay additional sanctions of Five Hundred Dollars ($500.00) and for each succeeding ·twenty-day period that such failure continues, Defendant shall pay additional sanctions of double the sanctions amount of the last preceding twenty-day period. (Thus, in addition to the attorneys fees

awarded herein, Defendant has incurred sanctions of $250.00 for failing to appear at the deposition and shall incur another $500.00 sanction amount if the deposition appearance is not made on or before March 10, 1976, and another $1,000.00 if not made on or before March 30, 1976, and shall continue to incur such progressively increasing sanctions until terminated as provided herein.)

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that if Defendant fails to answer Plaintiff's written interrogatories that were specifically ordered to be answered by this Court's order compelling answers to written interrogatories by delivering same to the offices of Plaintiff's attorney within twenty days from February 12, 1976, Defendant shall pay additional sanctions of Five Hundred Dollars ($500.00) and for each succeeding twenty-day period that such failure continues Defendant shall pay additional sanctions of double the sanctions amount of the last preceding twenty-day period.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the foregoing sanctions shall continue and accumulate for the benefit of Plaintiff; provided, however, that the total of such sanction shall not exceed the sum prayed for in Plaintiff's Original Petition and provided that such sanctions shall cease at such time as Defendant assures this Court that it will comply with the orders of this Court at a time certain and reasonable or at such time as waived by Plaintiff."

Defendant's failure to answer the interrogatories or to appear for the deposition continued until, on November 11, 1976, the case was called for trial. At that time plaintiff waived all relief prayed for in his petition and moved for judgment solely in the amount of the sanctions which had accumulated to that time, up to the amount originally sought by his suit. Over defendant's objection, the district court granted plaintiff's motion and entered judgment in his favor for $65,245.00 plus $750.00 attorney's fees. Although Mr. Firestone did not personally appear, defendant's counsel appeared and participated in all the proceedings leading to the judgment, including the various hearings concerning discovery and the motions for sanctions.

Defendant urges here that the district court should have granted its motion for protective order insofar as inspection of defendant's records in Ohio was concerned, and that the judgment is erroneous because there is no statutory authority for sanctions of the type ordered by the court, and further because the imposition of monetary sanctions for plaintiff's benefit in effect constituted a default judgment which improperly included $50,000.00 punitive damages and $5,000.00 attorney's fees when there was no proof of same as is required for a default judgment when damages are unliquidated.

Tex.R.Civ.P. 215a and 168 provide for the imposition of sanctions upon a party or witness for failure to comply with authorized pre-trial discovery orders. Rule 215a, pertaining to depositions and subpoenaes duces tecum, provides in part as follows:

"(b) Failure to Comply with Order. If a party . . . refuses to be sworn or refuses to answer any question, or to comply with such subpoena duces tecum, after being directed to do so by the court . . . the refusal may be considered a contempt of that court. Or the court in which the action is pending may make such orders in regard to the refusal as are just, and among others, those permitted by Rule 170.

"(c) Failure of Party or Witness to Attend. If a party or an officer . . . of a party, . . . fails to appear before the officer who is to take his oral deposition or his answers to written questions or cross-questions under these rules, after proper service of subpoena or notice as provided in Rule 201, the court in which the action is pending on motion and notice may strike out all or any part of the pleading of that party, or dismiss the action or proceeding or any part thereof, or direct that such party shall not be permitted to present his grounds

for relief or his defense, or enter a judgment by default against that party, or make such other order with respect thereto as may be just.

"Any witness . . . may be punished as for contempt of the court . .".

Rule 168, pertaining to interrogatories, provides that:

"If a party refuses to answer any interrogatory, the proponent of the question may, upon reasonable notice to all persons affected, apply to the court in which the action is pending for an order compelling an answer. Reasonable expenses, including reasonable attorney's fees, incurred in obtaining the order or opposing the motion may be assessed, and a refusal to comply with the order shall authorize the court to act, as provided in paragraphs (a) and (b) of Rule 215a."

■ Rule 215a was patterned after Rule 37 of the Federal Rules of Civil Procedure and was designed to give the trial court an expeditious procedure for insuring the effectiveness of pre-trial discovery and for dealing with recalcitrant or contumacious parties and witnesses. The authorized sanctions are not intended to be arbitrary and exclusive, but flexible and plural, vesting in the trial court broad discretion to fashion a remedy which will secure compliance with its orders and deter future noncompliance. See Commentary to Rule 215a, Tex.R.Civ.P.; *Dow Chemical Company v. Benton*, 163 Tex. 477, 357 S.W.2d 565 (1962); *Plodzik v. Owens-Corning Fiberglas Corp.*, 549 S.W.2d 52 (Tex.Civ.App. Austin 1977, no writ); *Pena v. Williams*, 547 S.W.2d 671 (Tex.Civ.App. San Antonio 1977, no writ). The choice of the appropriate sanctions is for the trial court rather than the appellate court, and as long as such sanctions are within the authority vested in the trial court they will not be overturned unless they constitute a clear abuse of discretion. *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379 (5th Cir. 1976); *Atlantic Cape Fisheries v. Hartford Fire Ins. Co.*, 509 F.2d 577 (1st Cir. 1975); *Di Gregorio v. First Rediscount Corporation*, 506 F.2d 781 (3rd Cir. 1974); *U. S. Leasing Corp. v. O'Neill, Price, Anderson & Fouchard, Inc.*, 553 S.W.2d 11 (Tex.Civ.App. Houston—14th Dist. 1977, no writ).

■ By its specific enumeration, Rule 215a authorizes the district court to impose the most severe types of sanctions—striking of pleadings, dismissal of the suit or entry of default judgment, preclusion of defenses, and contempt. Although the right to impose monetary penalties (other than contempt fines or expenses and attorney's fees) is not specifically mentioned, it seems that if the court, upon a party's disobedience, is empowered to immediately preclude the presentation of all that party's defenses and enter default judgment against him on the pleadings, it would alternatively have the right to impose periodic monetary penalties for his continuing disobedience, not to exceed the amount for which judgment could have been summarily entered. Such a procedure would appear to be more just and lenient toward the defendant than the immediate entry of a default judgment.

The district court exercised commendable patience in the face of defendant's obstinate refusal to obey its discovery orders, and gave the defendant every opportunity to avoid the consequences of which it now complains. If defendant desired to avoid those consequences, it had only to comply with the court's orders. Even after entry of the order for sanctions, defendant had succeeding twenty-day periods in which it could have complied and thus kept the penalties at a minimum while preserving its right to fully defend the action. Instead, it chose to make repeated, defiant refusals to obey the court's orders. In the circumstances of this case, we believe the district court's order came within the provisions of the rules authorizing "such orders as are just," and that its action did not constitute an abuse of discretion.

■ Nor can we agree that the judgment was invalid for failure of plaintiff to make proof of his unliquidated damages and attorney's fees as would be required for a default judgment. The judgment was not one for damages and attorney's fees, but

one for sanctions imposed by authority of Rule 215a. Neither does the order constitute an adjudication of contempt. Defendant was cited for contempt, but the motion for contempt was waived, and hearing and judgment proceeded upon the motion for sanctions alone.[1]

Also, from the record before us, we cannot say that the district court abused its discretion in overruling defendant's motion for an order requiring plaintiff to obtain the information sought by the contested interrogatories by his own inspection of defendant's records in Ohio. Although Rule 168 provides that a party may be obligated to ascertain the answer to an interrogatory by an inspection of his opponent's records if the burden of doing so would be substantially the same for the party serving the interrogatory as for the party answering the same, there is no indication in the record that such was the case. There is only a partial statement of facts, and we do not know what evidence, if any, was produced on the question. Under the circumstances, we cannot say that the district court erred in denying the motion.

As concerns the claim of trade secrets, such a claim, even if correct, does not necessarily defeat the right of discovery. It simply imposes upon the trial court the obligation to weigh the need for discovery against the desirability for preserving secrecy, and to protect the material from unnecessary public disclosure. *Automatic Drilling Machines, Inc. v. Miller*, 515 S.W.2d 256 (Tex.1974). Moreover, there is no proof in the record that the requested information constituted trade secrets, and even if it did, it appears that the court's modified order sufficiently protected defendant's right against the unauthorized or harmful disclosure or dissemination of such information.

The judgment of the trial court is affirmed.

1. The court could, of course, have found defendant in contempt, provided proper notice and due process were observed. See Tex.R. Civ.P. 215a.