**Truett H. VESTAL et al., Appellants,**

v.

**M. A. JACKSON et ux., Appellees.**

No. 6148.

Court of Civil Appeals of Texas, Waco.

April 24, 1980.

Truett H. Vestal, Cole, Panzica & Vestal, Inc., Houston, for appellants.

John H. Mallard, Centerville, for appellees.

## OPINION

JAMES, Justice.

This is a suit brought by Appellees for partition of the surface estate in approximately 297 acres of land located in Leon County, Texas.

On April 4, 1979, the trial court entered its first decree in this case, finding that the surface estate was susceptible of partition in kind, that the land was of substantially equal value throughout, and that Appellees were entitled to 35/36ths of the property and Appellants were entitled to 1/36th. The court ordered the property partitioned accordingly, appointing three commissioners to effectuate said order. No appeal was taken from this first order.

On or about June 21, 1979, Appellants served interrogatories on Appellee, M. A. Jackson, inquiring primarily of matters pertaining to the mineral wealth of the land in question. Also at that time Appellants filed a Plea in Abatement alleging that there had recently been "stock piling, removal and grading of commercial quantities of minerals for the sites", and asking the court to delay further proceedings until the interrogatories propounded to the Appellee had been answered. The record does not reflect any action on this plea by the trial court.

On July 5, 1979, the commissioners of partition filed their report.

Appellee failed to answer the interrogatories served and Appellants filed a Motion for Sanctions for Failure to Answer Inter-

rogatories on July 31, 1979. On August 17, 1979, the trial court heard Appellants' Motion for Sanctions and denied same. On that same day the court, without a jury, proceeded to hear Appellants' Objections to the Report of Commissioners. Judgment was entered overruling Appellants' objections and confirming the commissioners' report. We affirm.

This appeal has been taken on the transcript alone. No statement of facts has been filed and no bills of exception appear in the record. Appellant has assigned seven points of error. Unfortunately, however, all of these points are of such a nature that error cannot be shown in the absence of a statement of facts.

Four of Appellants' seven points relate to the failure of the trial court to abate the final partition proceedings until discovery could be completed and the failure of the trial court to compel answers to the interrogatories served on Appellee M. A. Jackson. As pointed out supra, the record does not contain any order or otherwise reflect any action by the trial court on the Appellants' Plea in Abatement; thus any complaints regarding this purported action of the trial court cannot be considered on appeal. *Beale v. Ryan*, 40 Tex. 399 (1874); *Gregory v. Ward* (Beaumont CA 1926) 285 S.W. 935, modified and affirmed 18 S.W.2d 1049, 118 Tex. 526 (1929); *Cole v. Grigsby* (Tex. CA 1894) 35 S.W. 680, affirmed 35 S.W. 792, 89 Tex. 223 (1894). Moreover, the propriety of a court's order sustaining or overruling a plea in abatement would depend on the evidence adduced at the hearing on the plea and the order could not be reviewed in the absence of a statement of facts. *Gooch v. Sandboe* (Galveston CA 1934) 69 S.W.2d 215, error dismissed; *Geyer v. Jones* (San Antonio CA 1936) 93 S.W.2d 1192, error dismissed. The transcript in this case shows that the trial court denied Appellants' Motion for Sanctions for Failure to Answer Interrogatories. The question of whether or not to impose sanctions for failure to make discovery is addressed to the sound discretion of the trial court. *United States Leasing Corp. v. O'Neill*

(Houston 14th CA 1977) 553 S.W.2d 11, no writ; *Lueg v. Tewell* (Corpus Christi CA 1978) 572 S.W.2d 97, no writ. In the absence of a statement of facts, we cannot say that the trial court abused its discretion in refusing to compel answers to the interrogatories propounded. *Firestone Photographs, Inc. v. Lamaster* (Texarkana CA 1978) 567 S.W.2d 273, no writ. Appellants' points relating to the failure of the court to compel answers or to abate this cause are therefore overruled.

■ Appellants' next two points of error attack the legal and factual sufficiency of the evidence to support the trial court's action in confirming the report of the commissioners and decreeing a partition accordingly. The burden of proof is upon the party who attacks the report of the commissioners of partition to show that the portion allotted to him was not of equal value in proportion to the extent of his ownership. *Price v. Price* (Tyler CA 1965) 394 S.W.2d 855, NRE; *Roberts v. Philpot* (Tyler CA 1968) 435 S.W.2d 614, no writ; *Masten v. Masten* (Fort Worth CA 1942) 166 S.W.2d 347, no writ. Assignments of error relating to the legal or factual sufficiency of evidence cannot be considered in the absence of a statement of facts and these points are therefore also overruled. *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968); *Hynum v. First State Bank of Keene* (Waco CA 1978) 575 S.W.2d 431, no writ.

■ Appellants' final point of error asserts that the trial court erred in confirming the report of commissioners because the report failed to set out the estimated value of the shares as required by Rule 769(c), T.R.C.P. Objections to the commissioners report were heard by the trial court, and even if the omission of the estimated value was error, we cannot say that such error was harmful in the absence of a statement of facts for the hearing on the objections. Rule 434, Texas Rules of Civil Procedure.

Having carefully considered all of Appellants' points and having determined that no error can be shown in the record as it appears before this court, we affirm the judgment of the trial court.

AFFIRMED.