Roland D. SMITH and Wayne K. Weiss, Appellants,

v.

SIGMOR PIPELINE COMPANY, Appellee.

No. 04–90–00684–CV.

Court of Appeals of Texas, San Antonio.

April 3, 1991.

Rehearing Denied May 3, 1991.

Stephen W. Boyd, Law Office of Stephen W. Boyd, P.C., San Antonio, for appellants.

Stanley E. Crawford, Jr., Mary Claire Fischer, Cox & Smith, Inc., San Antonio, for appellee.

Before REEVES, C.J., and CHAPA and CARR, JJ.

## OPINION

CHAPA, Justice.

This is an appeal following entry of final judgment, from an order which struck the pleadings of Roland D. Smith and Wayne K. Weiss, appellants herein and defendants below, based on continued discovery abuse by Smith and Weiss and their failure to timely pay certain attorney's fees to Sigmor Pipeline Company, appellee herein and plaintiff below.

This lawsuit was originally filed on November 8, 1989, under Cause No. 89–CI–19134 by Sigmor Pipeline Company against Smith and Weiss, seeking a declaratory judgment that Sigmor had a valid, proper and lawful right-of-way over the defendants' 18.75–acre tract in Bexar County, and that Sigmor had no liability for damages or other relief claimed by defendants, by virtue of Sigmor's right-of-way agreement dated June 14, 1978. Thereafter, an original lawsuit was filed under Cause No. 89–CI–19677 by Smith and Weiss against Diamond Shamrock R & M, Inc. and Charles Edward Campion, seeking judgment for title to and possession of the subject tract of land[1], damages for trespass, and exemplary damages. Pursuant to a joint motion, the two cases were then consolidated under Cause No. 89–CI–19134 on February 20, 1990.

Prior to the consolidation, on November 10, 1989, Sigmor propounded interrogatories and requests for production of documents (contemporaneous with service of citation in the original Cause No. 89–CI–19134) to Smith and Weiss, which were served on them on November 20, 1989. The answers to interrogatories and responses to the requests for production should have been served on Sigmor by January 9, 1990, but were not. A motion to compel was filed on January 30, 1990. On February 5, 1990, Sigmor was served with identical interrogatory answers and production responses from Smith and Weiss. Pursuant to an order signed February 16, 1990, under an agreement of the parties, Smith and Weiss were to provide a written list of documents responsive to Sigmor's first set of interrogatories and first set of requests for production within fourteen (14) days from the date of the order.[2]

Thereafter, on July 3, 1990, Sigmor filed another motion to compel, specifying that Smith and Weiss had waived their claims of privilege and work product, because their discovery responses had been untimely, and also because of insufficiency of certain other responses. A hearing was conducted, and the order thereon was signed on July 30, 1990, resulting in a holding that Smith and Weiss were not entitled to assert certain privileges due to the untimeliness of their discovery responses and requiring production of certain discovery at Sigmor's attorney's offices not later than July 6, 1990.

On July 6, 1990, the depositions of Smith and Weiss were noticed to be taken on July 17, 1990, in the offices of Sigmor's attor-

---

1. In their original petition, Smith and Weiss contended that on or about July 11, 1988, they obtained title to the subject property from Juan Jose Vega and his wife, Mary E. Vega, and that subsequent to that date, they discovered that Diamond Shamrock had an underground petroleum pipeline that crossed their property.

2. In addition to compelling the discovery sought by Sigmor, the "Order on Motion to Compel Discovery by Plaintiff Sigmor Pipeline Compa-

ny" entered on February 16, 1990, also contained an order that Sigmor's request for attorney's fees as a discovery sanction was denied, "in exchange for Defendant's [sic] agreement concerning the consolidation of other pending litigation with this suit and the dismissal of Diamond Shamrock R & M, Inc. without prejudice." The consolidation was effected on February 20, 1990.

neys. Neither of the defendants nor their attorney appeared for deposition at the scheduled times or contacted Sigmor's attorneys to explain their absence. Following the defendants' failure to appear for depositions, Sigmor's attorneys on July 19, 1990, filed a motion for sanctions for abuse of discovery, to which was attached the notices for depositions and certificates from the court reporter of the non-appearance of Smith and Weiss.

The motion for sanctions was heard on July 27, 1990, and the order thereon was signed on July 30, 1990, with provisions that Smith and Weiss shall be made available for depositions on three (3) days' prior notice; that the case, then set for jury trial on August 13, 1990, be postponed for a minimum of sixty (60) days, to be reset on the jury docket after October 13, 1990; and that, as sanctions for discovery abuse, Smith and Weiss were to pay to Sigmor $300.00 in attorney's fees "on or before 5:00 p.m. on Friday, August 3, 1990, and if the $300.00 is not received by Cox & Smith Incorporated at 2000 NBC Bank Plaza, San Antonio, Texas 78205 by that date and time, Defendants' pleadings shall be stricken in their entirety without the necessity of a further Motion before the Court."

It is undisputed that the sanction award of $300.00 was not received by Cox & Smith before the agreed date and time. In the "Order Enforcing Prior 'Order On Motion For Sanctions' ", signed by Judge Peter Michael Curry on August 7, 1990, the trial court specifically found:

> ... that these fees were not paid by Defendants or their counsel in this litigation in accordance with the terms of the Court's previous order. A late payment was not received by Cox & Smith Incorporated until August 7, 1990, and was not mailed by Defendants' counsel, Mr. Stephen Boyd, until August 6, 1990, according to the postmark on the envelope.

In addition, the trial court found, based on the failure by Smith and Weiss to comply with the order regarding sanctions signed on July 30, 1990, that:

> ... an order striking Defendants' pleadings in this cause in their entirety as a discovery sanction is authorized without further notice, in accordance with the terms of the previous order entered by this Court and agreed to by Defendants' counsel.

The Court further finds that Defendants have repeatedly failed to honor their discovery obligations and have abused the discovery process, as evidenced by the three motions to compel and to recover sanctions that Plaintiff's counsel have had to file in this cause, and the Defendants' past failure to appear for their previously-noticed depositions.

On August 16, 1990, defendants filed their motion to set aside prior order, which contained their explanation of the reason for the late payment and the discovery abuses that necessitated the prior motions to compel, and the trial court denied this motion. On August 27, 1990, defendants filed their second motion for rehearing to set aside prior order, to which Sigmor replied. Again, the trial court denied the motion.

Thereafter, Sigmor requested and was granted a default judgment on its claims, except on the issue of attorney's fees, on which Smith and Weiss demanded a jury trial. When the case was called for trial on October 9, 1990, the defendants waived their previous jury demand, and the case was tried to the court. A final judgment was entered, awarding Sigmor the declaratory relief it had sought, as well as reasonable and necessary attorney's fees in the amount of $12,500.00.

The award of $12,500.00 attorney's fees has not been appealed. Smith and Weiss have requested only that the trial court's "Order Enforcing Prior 'Order On Motion For Sanctions' " entered on August 7, 1990, and the default judgment signed on September 12, 1990, be overturned.

The appeal is before this court on four points of error, which appellants have set forth as follows:

(1) The trial court incorrectly held that the appellants failed to "pay" the agreed $300.00 on or before 5:00 o'clock p.m. on Friday, August 3, 1990;

(2) the trial court incorrectly held that the appellants' tender was not "received" by Cox & Smith Incorporated at 2000 NBC Bank Plaza, San Antonio, Texas, by that date and time;

(3) the trial court abused its discretion in striking defendants' pleadings when the great weight and preponderance of the evidence clearly showed that the defendants had complied with the terms of the order; and

(4) the trial court abused its discretion in striking defendants' pleadings when the great weight and preponderance of the evidence clearly showed that the late arrival of the fees was not the fault of the defendants.

For the reasons set forth hereafter, we find no merit in appellants' points of error and affirm the judgment of the trial court.

■ In support of their first point of error, appellants contend they "paid" the agreed fee on July 30, 1990, by placing the check in an envelope correctly addressed and postage-paid, and argue that in mailing the check four days before it was due, they anticipated appellees would receive it in sufficient time. Appellants also speculate that "because of an act beyond the control of the Appellants, the postage apparently became detached from the letter." Their "proof" consists of a copy of check number 4851 dated "7–30–90," made payable to Cox & Smith in the amount of $400.00 [3]; a transmittal letter from appellants' attorney to appellee's attorney; a United States Postal Service receipt for certified mail, with the handwritten notation "7–30–90," but significantly lacking any official stamp from the Postal Service; and a copy of appellants' attorney's check ledger, purporting to show that the stub in the check register for check number 4851 was written prior in time to two other check numbers dated, respectively, "7–30–1990" and "8–7–1990."

Each of these items of "proof" is self-serving; there is simply no evidence whatsoever that the subject check and the transmittal letter were ever placed in the custody of the United States Postal Service prior to August 6, 1990, three days after the deadline for receipt of the money had passed. Moreover, the explanation offered by appellants ignores their express agreement that *"if the $300.00 is not received by Cox & Smith"* by the specified time and date, their pleadings would be stricken in their entirety without the necessity of a further motion. Even without considering the history of contumacious conduct and continuing egregious abuse of the discovery process by appellants in this litigation, there is no disputing they were aware of the severe consequences of their failure to pay the sanction award in a timely manner. The sole case cited by appellants, *Ward v. Charter Oak Fire Ins. Co.,* 579 S.W.2d 909 (Tex.1979), deals with statutory filing requirements under the Worker's Compensation Act, and has no relevance to the case at bar. The first point of error is without merit and is overruled.

In their second point of error, appellants argue that another check sent by their attorney on July 30, 1990, but unrelated to the present litigation, was received on August 1, 1990, as evidenced by a green card receipt, and, therefore, this "proves" the transmittal letter and check to Cox & Smith should have been "received" prior to the deadline of 5:00 p.m. on August 3, 1990. Appellants speculate that because of the length of time between the purported mailing of the letter (July 30, 1990) and the date on which it allegedly was returned to their attorney's office (August 6, 1990) "would indicate that the letter was delivered to the addressee and the addressee because of whatever reasons refused to pay for the postage due and the letter was returned."

This observation is, of course, pure speculation, without any support in the record. It is equally tenable, in view of the pattern of dilatory discovery responses in this lawsuit and the recalcitrant attitude of appellants and their counsel, that the check was not in fact mailed until August 6, 1990, in violation of the express terms of the order

---

**3.** No explanation is offered for the fact that the check is written in the amount of $400.00, while the discovery sanction specified an attorney's fee of $300.00.

**552**

to which appellants had agreed. Moreover, Sigmor's attorneys replied to the motion for rehearing filed by Smith and Weiss, by stating that it was Cox & Smith's "unvarying policy always to pay postage due, particularly with respect to certified mail, because we know how important such deliveries may be"; the reply was supported by the affidavit of an employee of the firm's mailroom, who factually supported this assertion. Appellants have cited not a single authority in support of their speculation. Finding no merit in appellants' argument, we overrule their second point of error.

In their third and fourth points of error, appellants argue that the trial court abused its discretion in striking their pleadings because the evidence showed that they had complied with the terms of the discovery order and that the late arrival of the fees was not the fault of the appellants. They also argue that "the trial court was directed to Rule 5, TRCP which would allow for the late receipt under the facts of this case." There is no statement of facts in the record before this court relating to any hearing except on the proof of $12,-500.00 attorney's fees incurred by Cox & Smith in connection with the handling of the instant lawsuit, and there is certainly nothing in this record in regard to TEX.R. CIV.P. 5, which provides in part that if any document is sent to the proper clerk by first-class United States mail, it shall be filed by the clerk and deemed filed in time, if received by the clerk not more than ten days tardily.

In the instant case, there was no Rule 5 "document" to be transmitted to the "proper clerk"; there was only an identifiable sum awarded for discovery abuse, which was specifically to be delivered to the law offices of Cox & Smith at a certain date and time to which appellants had expressly agreed. We find that Rule 5 has no application to the facts of the instant case. "Abuse of discretion is an issue that cannot be determined without a record of the discovery hearing." *Greenstein, Logan & Company v. Burgess Marketing, Inc.,* 744 S.W.2d 170, 177 (Tex.App.—Waco 1987, writ denied); *Vestal v. Jackson,* 598 S.W.2d 724, 726 (Tex.App.—Waco 1980, no writ). Accordingly, there is no basis to consider whether there was an abuse of discretion in the absence of any record, and the third and fourth points of error are overruled.

Having determined that each of appellants' points of error is without merit, each is overruled and the judgment of the trial court is affirmed.