**Robert H. SMITH, Appellant,**

v.

**Betty Ann SMITH, Appellee.**

**No. 13504.**

Court of Appeals of Texas,
Austin.

Dec. 15, 1982.

Don Raven, Austin, for appellant.

Michael G. Mullen, Brown, Maroney, Rose, Baker & Barber, Austin, for appellee.

Before SHANNON, POWERS and GAMMAGE, JJ.

SHANNON, Justice.

This is an appeal from a summary judgment rendered by the district court of Travis County in a proceeding to reduce unpaid child support payments to judgment. Tex. Fam.Code Ann. § 14.09(c) (1975).

Appellant Robert H. Smith and appellee Betty Ann Smith were divorced by judgment rendered on December 1, 1969. That judgment ordered appellant to pay child support in the sum of $250 each month, commencing December 1, 1969. Appellant never made any payments. On December 10, 1979, appellee moved to reduce the unpaid support payments to judgment.

Thereafter, appellee filed a motion for summary judgment. In response, appellant filed his motion for summary judgment upon the basis that appellee's claim for the unpaid child support payments was barred by either the four- or ten-year statute of limitations. The district court rendered summary judgment for appellee for unpaid child support from January 1, 1970, to September 1, 1980, a total of $33,000. The district court granted appellant's motion for summary judgment to the extent that the court held the ten year statute of limitations was applicable to appellee's claim; however, the court held further that limitations did not begin to run until a child support payment accrued and that only those payments accruing before December 10, 1969 were barred. After submission of the matter of attorney's fees to the court, the district court also rendered judgment for appellee for attorney's fees.

Appellant complains first that the district court erred in concluding that limitations ran from the accrual of each child support payment.[1] Appellant argues that since ten years elapsed from the time he defaulted on the first payment, appellee's claim for unpaid child support is barred. Stated differently, appellant claims the ten year statute began to run on the total sum of child support payments on the date he first refused to make payment.

Appellant's contention is without merit. A divorce judgment operates prospectively by ordering child support payments to be made in the future, and such payments do not become final until each accrues. In the context of a divorce judgment which orders prospective child support payments in periodic installments, each such installment becomes a liquidated sum, and therefore susceptible of enforcement only after it becomes due and payment is not made. Until that time the amount ordered in the judgment is subject to being modified on the motion of either party invoking the substantive law relating to such motions. All of which is to say an installment is not part of the final judgment until it accrues and becomes susceptible of enforcement. *Houtchens v. Matthews,* 557 S.W.2d 581, 584 (Tex.Civ.App.1977, writ dism'd); 28 Baylor L.Rev. 197 et seq. Ac-

---

1. Appellant does not complain of the district court's conclusion that the ten-year statute rather than the four-year statute was applicable. Accordingly, this Court is not called upon and does not determine in this appeal whether the four or ten year statute of limitations is applicable in a case of this character. *See, Houtchens v. Matthews,* 557 S.W.2d 581 (Tex. Civ.App.1977, writ dism'd).

cordingly, the district court concluded correctly that only child support payments which had accrued before December 10, 1969, were barred by limitations.

■ Appellant's other complaint is that the district court erred in awarding appellee attorneys fees. Texas R.Civ.P.Ann. 308–A (1981) authorizes attorney's fees for services rendered to be taxed and collected as costs in cases wherein the court has ordered periodical payments for child support.

Although an award of attorney's fees would not be proper if the conduct of appellant would not support a finding of contempt, the court in *Livingston v. Nealy,* 382 S.W.2d 511 (Tex.Civ.App.1964, writ ref'd n.r.e.) held:

> where appellee was in default on his payments for child support, even though he

was not punished for contempt, the trial court was authorized under Rule 308–A, Texas Rules of Civil Procedure, to assess a reasonable attorney's fee in favor of appellant to be taxed as costs.

*Dabney v. Dabney,* 548 S.W.2d 98 (Tex.Civ. App.1977, no writ); *Saums v. Synoground,* 605 S.W.2d 373 (Tex.Civ.App.1980, no writ). Appellant's complaint is without merit.

The judgment of the district court is affirmed.