**In the Matter of the Marriage of Richard Allen SQUIRES, Appellant,**

v.

**Emelina SQUIRES, Appellee.**

No. 13–83–502–CV.

Court of Appeals of Texas, Corpus Christi.

June 21, 1984.

Charles R. Manning, Beeville, for appellant.

Richard E. Rudeloff, Beeville, for appellee.

Before NYE, C.J., and GONZALEZ and KENNEDY, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a proceeding reducing certain military retirement benefits to judgment. Appellee, (former wife) filed a "Motion to Reduce Debt to Judgment" and appellant (former husband) requested a jury trial. The trial court denied appellant's request for a jury trial on the basis that the request was not timely. We disagree and reverse and remand the case.

Pursuant to a decree of divorce entered September 28, 1976, appellee was awarded 97/240 (or $177.93 monthly) as her portion of the military retirement benefits that accrued to the community during the marriage.

The relevant portion of the divorce decree provided as follows:

The Court finds that the parties own community property which should be divided in an equitable manner.

IT IS THEREFORE ORDERED that the community property owned by the parties shall be divided as follows:

Petitioner is awarded the following property:

(7) 143/240 (or $262.30 monthly) of retirement benefits which have accrued to the community as a result of Petitioner's service in the Armed Forces of the United States.

Respondent is awarded the following property:

(2) 97/240 (or $177.93 monthly) of retirement benefits which have accrued to the community as a result of Petitioner's service in the Armed Forces of the United States;

On May 19, 1983, appellee filed a motion for contempt in the trial court, alleging that appellant had disobeyed and continued to disobey the commands of the court in that he had secreted or dissipated her share of the retirement payments for the months of October, 1976, through the month the motion was filed. In that motion, appellee only requested appellant to show cause why he should not be held in contempt.

Appellant was served on May 20, 1983. On June 9, 1983, appellant filed his response to the motion for contempt. By that response, he excepted to appellee's motion, and raised defenses, including the statute of limitations and inability to pay.

On June 16, 1983, appellee filed her "Petitioner's First Amended Motion for Contempt and to Reduce Debt to Judgment." In that instrument, she renewed her complaint that appellant continued to refuse to pay over those portions of the retirement

benefits awarded her in the divorce decree, and requested that she receive $15,479.91, representing 87 months of back payments.

Appellant was personally served with the amended motion on June 17, 1983. On June 22, 1983, appellant filed an "Original Answer to Motion to Reduce Debt to Judgment" and a "Motion for Severance and for Jury Trial."

Appellee's amended motion was heard on June 22, 1983. At that hearing, the court overruled appellant's motion to sever the contempt action from the "Motion to Reduce Debt to Judgment," and his special exceptions. As previously noted, the trial court also ruled that appellant's request for a jury was untimely and proceeded to hear the case. The trial court entered a judgment awarding appellee $14,234.00, representing past due installments, interest on each installment at the rate of 9% per annum from the month after each was received by appellant from the Government, attorney's fees of $500.00, and costs of court.

### Jury Trial

By his third point of error, appellant complains of the trial court's action in overruling his motion for a jury trial. To evaluate this point of error it is helpful to examine the nature of the case that confronted the trial court. Appellee commenced these proceedings by her motion to have appellant held in contempt for retaining her share of the retirement benefits. Jurisdiction of the court was properly invoked by her sworn complaint informing the accused of the accusation against him. *See Ex parte White,* 149 Tex. 155, 229 S.W.2d 1002, 1003 (1950).

In response to appellee's motion, the trial court issued an order for appellant to appear and show cause why he should not be held in contempt. The clerk of the court was ordered to issue notice to appellant, to be served by any sheriff or constable, directing him to appear at the courthouse on June 10, 1983, at 9:30 o'clock a.m. This process issued by order of the court was duly served. The above mentioned court

ordered process was served on appellant on May 20, 1983. The proper practice had been followed. *See Ex parte White,* 149 Tex. 155, 229 S.W.2d 1002, 1003 (1950), held no longer controlling on other grounds, *Ex parte Winfree,* 153 Tex. 12, 263 S.W.2d 154, 158 (1953).

In addition to this authorized process of the court, appellant also received on May 20, 1982 (at the same time) a citation that commanded appellant to appear by filing a written answer to appellee's *motion for contempt* at or before ten o'clock a.m. of the Monday next after twenty days after the date of service of citation. *See* TEX.R. CIV.P. 101. Inspection of a calendar reveals appellant's answer day to appellee's citation to be Monday, June 13, 1983. Appellant's court-ordered appearance was set for the preceding Friday.

The court-scheduled contempt hearing was postponed until June 22, 1983. On the morning of June 22nd, appellant paid a jury fee. Appellant argues the fee was timely because *he was not served with the amended motion seeking to reduce the debt to judgment until June 17, 1983.* Appellee takes the position that May 20, 1983, is the relevant date for purposes of applying Rule 216.

TEX.R.CIV.P. 216 states:

No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet.

Before we can correctly apply the rule, we must first examine appellee's pleading. Appellee's motion to reduce debt to judgment was a misnomer. The document should have been properly designated

684

"Plaintiff's Original Petition." *See* TEX.R. CIV.P. 71.

■ Appellant's request for a jury came only five days after he was served, and was therefore timely as a matter of law. The court has no discretion to refuse a trial by jury if the fee is paid on or before appearance day. *See Union Producing Co. v. Allen*, 297 S.W.2d 867, 872 (Tex.Civ. App.—Beaumont 1957, no writ). Appellant's appearance day on the suit to reduce the debt to judgment was not until Monday, July 11, 1983. Appellant's third point of error is sustained.

### Special Exceptions

■ In his first point of error, appellant complains that the trial court erred in overruling his special exceptions to appellee's first amended motion for contempt and to reduce debt to judgment because, according to appellant, there is "apparently ... no such cause of action." This argument is without merit. *See Ex parte Gorena*, 595 S.W.2d 841 (Tex.1979). In the instant case, appellee's amended motion gave the requisite fair notice of the claim involved, *see* TEX.R.CIV.P. 47(a); therefore, the court did not err in refusing appellant's special exceptions. Appellant's first point of error is overruled.

### Severance

In his second point of error, appellant alleges the court erred in denying his motion to sever the contempt action from the action to reduce debt to judgment.

■ The trial court's rulings on both the special exceptions and the motion to sever will not be disturbed absent a showing of an abuse of discretion. *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.) and *Pitts v. Ashcraft*, 586 S.W.2d 685, 698 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.), respectively.

■ Concerning appellant's motion to sever, we hold the court did not abuse its discretion in ruling on this procedural matter. *See generally Allison v. Arkansas Louisiana Gas Co.*, 624 S.W.2d 566, 568 (Tex.1981). Until the court discovered there could be no finding of contempt (because there was no specific order to pay) it was permissible for it to hear the combined motions. *Ex parte Gorena, supra.*

The court's error was in failing to dismiss the motion for contempt when it subsequently discovered there was no order to pay—not in its initial ruling on the motion to sever. Appellant's second point of error is overruled.

■ In his fifth point of error, appellant alleges the trial court erred in finding that appellant has received retirement benefits as a constructive trustee of such funds for the benefit of appellee, because there was no evidence giving rise to a constructive trust. Appellant holds the funds as trustee as a matter of law. *Ex parte Gorena*, 595 S.W.2d 841, 846–47 (Tex.1979); *Ex parte Sutherland*, 526 S.W.2d 536, 539 (Tex. 1975). Appellant's fifth point of error is overruled.

### Statute of Limitations

In his sixth point of error, appellant complains that the court erred in not barring appellee's cause of action because of either the two or four year statutes of limitations.

In the instant case, the decree of divorce was signed September 28, 1976. Appellee's "amended motion to reduce the debt to judgment" was filed June 16, 1983. Appellant pled the affirmative defense of limitations, alleging that all or part of appellee's claim was barred by the two and four year statutes of limitations.

■ Appellant is mistaken in characterizing the action as one for debt. The suit was actually one to revive the judgment that ordered a division of the property. Such an action comes within the purview of TEX.REV.CIV.STAT.ANN. art. 5532 (Vernon 1958), which provides:

"A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias

or an action of debt brought thereon within ten years after date of such judgment, and not after."

Appellee was well within the ten year period during which she could revive the judgment. Appellant's sixth point of error is overruled. *Cf. Huff v. Huff,* 648 S.W.2d 286 (Tex.1983).

Because of our dispositions of these points of error, it is unnecessary to address the other points. The judgment of the trial court is REVERSED, and the cause is REMANDED for a new trial.