Allan Perry **SHANNON**, Appellant,

v.

Patricia Gay (Shannon) **FOWLER**, Appellee.

No. 2–85–012–CV.

Court of Appeals of Texas, Fort Worth.

July 10, 1985.

Atkins & McLarty and Bill Atkins, Arlington, for appellant.

Price & Swander and Richard C. Price, Fort Worth, for appellee.

Before BURDOCK, HILL and HOPKINS, JJ.

## OPINION

HOPKINS, Justice.

This is an appeal from an order reducing to judgment appellee's claim for child support under TEX.FAM.CODE ANN. sec. 14.-09(c) (Vernon 1975).

Inasmuch as we hold that a portion of appellee's claim is barred by limitations, the judgment is reversed and remanded with instructions to enter judgment for appellee less whatever amount is ascertained to have been due during the period subject to limitations.

Appellant, Shannon, assigns six points of error claiming an abuse of discretion by the trial court in: (1) failing to impose sanctions; (2) overruling his plea of limitations; (3) overruling his defense of accord and satisfaction; (4) failing to allow offset for payments due while the child lived with him; and (5) failing to find the claim was extinguished when appellee, Fowler, filed a petition in bankruptcy.

■■■ Shannon twice gave Fowler notice of intention to take depositions and Fowler refused to appear alleging harassment by Shannon. Twice, the trial court refused to order that sanctions be imposed. The decision whether to impose sanctions is within the discretion of the trial court. *See Vestal v. Jackson*, 598 S.W.2d 724, 725 (Tex. Civ.App.—Waco 1980, no writ); TEX.R. CIV.P. 215. The court's refusal to impose sanctions will be reversed only upon a clear showing of an abuse of discretion. *Tenngasco Gas Gathering Co. v. Fischer*, 624 S.W.2d 301, 303 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). Shannon has not cited us to any part of the record nor have we found same, that indicates harm resulted from the failure to impose sanctions. We hold there was no clear showing of an abuse of discretion by the trial court in refusing to impose sanctions for Fowler's

failure to appear for depositions. The first point of error is overruled.

In his brief, Shannon joins the second and third points of error. Though Shannon's brief does not make it abundantly clear, it seems that in the third point he argues that the cases of *Huff v. Huff*, 648 S.W.2d 286 (Tex.1983) and *Squires v. Squires*, 673 S.W.2d 681 (Tex.App.—Corpus Christi 1984, no writ) hold that all actions to reduce child support to judgment under TEX.FAM.CODE ANN. sec. 14.09(c) must be brought within ten years from the date of the divorce decree that awards support. We disagree. The Supreme Court in *Huff* specifically stated, "The only point before us is whether the general four-year statute of limitation or the ten-year statute of limitation for the renewing and enforcement of judgments should apply in this case." *Huff*, 648 S.W.2d at 287. The court held that the ten-year statute (TEX.REV. CIV.STAT.ANN. art. 5532 (Vernon 1958)) was applicable. *Huff*, 648 S.W.2d at 289. The court in *Huff* and in *Squires* did not determine the issue of *when* the ten-year statute begins to run because, under the facts of those cases, it was not necessary to do so. To hold that limitations begin to run on the date of the divorce decree could operate to bar recovery for all child support payments due after a child's tenth birthday if the child were born shortly before the divorce decree. We do not believe the Supreme Court intended such disastrous results in applying its decision in *Huff*.

■■■ We hold that in actions to reduce child support to judgment, the statute of limitations does not begin to run on a nonpayment until the date payment is due. Therefore, only those payments which were due and unpaid more than ten years prior to filing the motion to reduce the claims to judgment are subject to being barred by the statute of limitations.[1] The third point of error is overruled.

---

1. We note that under the *Huff* decision and in light of our holding here, an ex-spouse has 20 years to enforce child support payments; ten years, under art. 5532, from the date of nonpayment to reduce the arrearage to a judgment lien

under sec. 14.09(c), and another ten years to execute on that judgment lien under TEX.REV. CIV.STAT.ANN. art. 3773 (Vernon 1966). It seems unlikely that the Supreme Court intended this result. However, since the majority in *Huff*

In the second point Shannon asserts that the trial court erred in granting judgment for support payments due and unpaid prior to July 12, 1972 inasmuch as these payments were allegedly barred by the ten-year statute of limitations. In discussing this point it is necessary to set forth some of the facts of the case. Fowler first brought suit for contempt on October 29, 1980. The motion was amended July 12, 1982 and for the first time a money judgment was sought for the amount of the arrearage due and unpaid.

The trial court's judgment after allowance for all payments and credits, included $4,600 accruing from November, 1970 through December, 1975 and $3,870 for the period from January, 1976 through October, 1980, the month the child reached his eighteenth birthday. In applying the statute of limitations, an amended motion for contempt, which for the first time seeks a money judgment, must be viewed the same as an original petition, independent of the original motion for contempt. *Squires v. Squires*, 673 S.W.2d at 683–84. We hold the statute of limitations, art. 5532, is applicable to all payments accruing more than ten years prior to July 12, 1982, the date Fowler first requested a money judgment for the arrearage. Shannon's point of error two is sustained.

In point of error four, Shannon states there was error in entering judgment for support payments due after June, 1976, because of an oral agreement between the parties as to a change in custody (conservatorship) of the child. There was never any court order modifying conservatorship or support obligation. To become effective, parents' agreement to modify a support order must be approved by the court. *Ex parte Payne*, 598 S.W.2d 312, 317 (Tex.Civ. App.—Texarkana 1980, no writ). The fourth point of error is without merit.

In his fifth point of error Shannon contends the trial court erred in failing to offset payments due while the child lived with him from 1976 forward. We disagree. The court's judgment reduced the arrearage for such period by forty percent (40%) on the basis the child lived with Shannon part of the time during that period. We find no error or abuse of discretion by the trial court in this regard. The fifth point of error is overruled.

In the sixth point of error, Shannon asserts that the claim for arrearage was extinguished when Fowler filed a petition in bankruptcy in 1980 and did not list the claim for child support and obtain an exemption therefor from the Bankruptcy Court. Shannon cites no authority for this contention and we have been unable to find any such authority. The sixth point of error is overruled.

Because of our holding sustaining Shannon's second point of error, the judgment of the trial court is reversed and remanded with instructions to enter judgment for Fowler less an amount to be ascertained by the trial court to have been due during the period subject to the bar of limitations.

chose to apply art. 5532 to actions to reduce child support payments to judgment, and since we hold that art. 5532 could not begin to run

until the date of nonpayment, this is the only interpretation remaining.