Francis Joseph
**GRASBERGER, Appellant,**

v.

**Karen Jean GRASBERGER, Appellee.**

No. 01–85–786–CV.

Court of Appeals of Texas,
Houston (1 Dist.).

July 31, 1986.

L. David Sosebee Houston, for appellant.

Jim Mattox, Atty. Gen., Austin, Randy Boykin, Asst. Atty. Gen., Child Support Enforcement Div., Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from an order reducing past due child support payments to judgment. We affirm.

The parties were divorced in Florida in 1973. Under the Florida divorce decree, the appellant was required to make weekly payments of $37.50 for child support. In February 1984, the appellee instigated this action in Florida by filing a petition for child support. Pursuant to the Florida Uniform Reciprocal Enforcement of Support Act, the case was transferred to Harris County where the appellant now resides. After a hearing on April 9, 1985, the trial court entered judgment for the appellee, reducing to judgment the amount of the child support arrearage of $7,313.75.

In his first two points of error, the appellant contends that the trial court erred in overruling his motion to dismiss, contending that the appellee's action was barred by the 10–year statute of limitation, and also that the trial court erred in entering judgment in favor of the appellee due to the limitation bar.

In *Huff v. Huff*, 648 S.W.2d 286 (Tex. 1983), the Texas Supreme Court concluded that the 10–year limitation period applies to cases involving a motion to reduce past due child support payments to judgment, pursuant to former section 14.09(c) of the Texas

Family Code, ch. 543, sec. 1, 1973 Tex.Gen. Laws 1411, 1425, *repealed by* ch. 232, sec. 14, 1985 Tex.Gen.Laws 1956, 1988 (recodified as Tex.Fam.Code Ann. sec. 14.31 (Vernon Supp. 1986)). But the court in *Huff* did not determine at what particular time the limitation period commences.

■ Here, the appellant contends that because the divorce decree provides for child support, the support provisions "merged" in the decree, and that an action to enforce the support provisions must be brought within 10 years of the date of the decree.

Two intermediate appellate courts have previously addressed this issue and both have rejected the theory propounded by the appellant.

In *Shannon v. Fowler*, 693 S.W.2d 54 (Tex.App.—Fort Worth 1985, writ dism'd), the court reasoned:

To hold that limitations begin to run on the date of the divorce decree could operate to bar recovery for all child support payments due after a child's tenth birthday, if the child were born shortly before the divorce decree. We do not believe the Supreme Court intended such disastrous results in applying its decision in *Huff*.

*Id.* at 56. To avoid this inequitable result, the *Shannon* court held that the statute did not begin to run in such actions until the date each separate payment is due. Thus, the court said that only those payments that are due and unpaid for more than 10 years prior to the filing of the motion would be subject to being barred by the statute of limitation. *Id.* at 56.

Earlier, in *Smith v. Smith*, 643 S.W.2d 523 (Tex.App.—Austin 1982, no writ), the court decided that the limitation period for such actions begins to run on the date each individual payment accrues. *Id.* at 524. In support of its decision, the court reasoned that in the context of a divorce judgment ordering prospective child support payments, each sum becomes a liquidated sum that is susceptible to enforcement only af-

ter it becomes due and payment is not made.

We adopt the rationale of *Shannon* and *Smith* and hold that the limitation period begins to run on the date each individual payment becomes due. We accordingly overrule the first and second points of error.

 In his third point of error, the appellant contends that the trial court erred in ordering him to pay current child support and arrearages in an amount beyond his ability to pay.

We are not concerned here with a motion for modification of a child support order, nor with a contempt proceeding instituted to enforce child support. We are faced only with a motion to reduce unpaid child support payments to judgment. Thus, the financial ability of appellant to satisfy the judgment is not a relevant issue. *See Block v. Waters*, 564 S.W.2d 113 (Tex.Civ. App.—Beaumont 1978, no writ); *Sherwood v. Murray*, 233 S.W.2d 879 (Tex.Civ.App.— El Paso 1950, no writ). This ground of error is overruled.

The judgment of the trial court is affirmed.