**Charles Roy HARRELL, Appellant,**

v.

**Mary Faye Harrell HOBBS, Appellee.**

**No. 12–89–00140–CV.**

Court of Appeals of Texas, Tyler.

May 31, 1990.

Earl S. Tate and Richard Farrow, Long-view, for appellant.

Troy V. Smith, Tyler, for appellee.

## PER CURIAM.

This is an appeal from an order enforcing a child support obligation arising out of a divorce decree of July 15, 1977. We will reverse in part and affirm in part. Appellant and appellee are the parents of one child. Upon their divorce, appellant was ordered to make child support payments of $80.00 each month beginning August 1, 1977, and continuing until the minor child

1. Both parties state in their briefs that they made such a stipulation. Appellee refers to a page in the statement of facts. However there is no statement of facts in the record on appeal.

2. Specifically he argues that the court ."was without authority" to order wage withholding, "was without authority to enforce its judgment

turned eighteen years of age. The child had his eighteenth birthday on May 15, 1987.

On August 19, 1988, appellee filed a motion for enforcement of prior child support order. She alleged that the amount appellant should have paid from July 15, 1977, to May 16, 1987, was $9,440.00, but that he only paid a total of $1,660.00. Although the motion alleged arrearages of $7,780.00, the parties apparently stipulated that appellant was in arrears $7,080.00.[1] The trial court entered judgment for appellee and against appellant in the amount of $7,080.00 plus interest. The court ordered that appellant pay $195.00 per month and further ordered that "any employer of [appellant] shall withhold income from the disposable earnings of [appellant] for the support arrearage of the above named child set herein and in the amount of and for the frequency stated herein." The court found that the child had reached the age of majority and that there was no current child support obligation.

On appeal appellant contends that the trial court erred in ordering withholding from his wages and in awarding arrearages for child support more than ten years past due. In his first four points of error, appellant asserts that the trial court did not have authority to order wage withholding for arrearages when the child had attained the age of majority.[2] We agree that wage withholding was not available as a remedy in this case.

■ At the time appellee filed her enforcement motion and at the time the trial court signed its order, the Texas Family Code provided:

In addition to income withheld for the current support of a child, in appropriate circumstances and in accordance with the guidelines established for child support

for past due child support by means of wagewithhold," (sic) "had no jurisdiction, after the child had attained majority, to entertain a motion requesting involuntary assignment of wages," and "absent a current on-going duty of and order for support, the Court may not order involuntary wage assignment."

payments as provided in Subsection (a) of Section 14.05(2) of this code, the court shall enter an order that income be withheld from the disposable earnings of the obligor to be applied toward the liquidation of any child support arrearages. The additional amount to be withheld to be applied towards arrears shall be sufficient to fully discharge those arrears in not more than two years or add 20 percent to the amount of the current monthly support order, whichever will result in the arrears being fully discharged in the least amount of time ...

Act of August 4, 1987, ch. 73, § 9, 1987 Tex.Laws (2d Called Sess.) 230 (current version at TEX.FAM.CODE ANN. § 14.43(d)(Vernon Supp.1990)). Appellant contends that the phrasing of the statute in terms of withholding for arrears being in addition to withholding for current child support evidences an intent that the withholding provisions only apply if there is a current child support obligation.

As pointed out in appellee's brief, the legislature amended section 14.43(d) in 1989 to expressly provide for wage withholding for arrearages after the obligation for current child support has ceased.[3] In addition to the language in effect previously, the statute now provides:

If current support is no longer owed, the court shall enter an order that income be withheld from the disposable earnings of the obligor to be applied toward the liquidation of any child support arrearages in an amount sufficient to fully discharge those arrears in not more than two years, consistent with the limitations on the maximum amount that may be withheld from earnings as provided by Subsection (f) of this section.

TEX.FAM.CODE ANN. § 14.43(d) (Vernon Supp.1990). The legislature also added subsection (r) to section 14.43 in 1989. Subsection (r) states:

The court retains jurisdiction to enter an order that provides for income to be withheld for the disposable earnings of the obligor if the motion for income withholding is filed before the fourth anniversary of the date:

(1) the child becomes an adult;

(2) the child support obligation terminates under the decree or order or by operation of law; or

(3) an order withholding income under this section was rendered, or a writ of income withholding was issued under Section 14.45 of this code and arrears have not been fully discharged.

TEX.FAM.CODE ANN. § 14.43(r) (Vernon Supp.1990).

The legislature's act of amending the statute to specifically provide for arrearage withholding after the child reaches majority suggests that the statute did not allow such withholding before the amendment. See Schott v. Leissner, 659 S.W.2d 752, 754 (Tex.App.—Corpus Christi 1983), writ ref'd n.r.e., 668 S.W.2d 686 (Tex.1984). If the statute previously allowed such withholding there would have been no need for the 1989 amendments. See Hunter v. Fort Worth Capital Corp., 620 S.W.2d 547, 551 (Tex.1981). We hold that prior to the 1989 amendments, section 14.43 did not authorize income withholding for child support arrearages after the obligation for child support had expired.

■ The motion to enforce in this case was filed on August 19, 1988. The trial court's order directing wage withholding was signed on April 6, 1989. The amendments to section 14.43 became effective on November 1, 1989, and thus do not apply in this case. The trial court had no authority to order income withholding in this case. The first point of error is sustained.

■ In his fifth point of error, appellant contends that the trial court improperly entered judgment for arrearages that were more than ten years past due. In support of this point appellant cites TEX.FAM.CODE ANN. § 14.41(b) (Vernon 1986).

Section 14.41(b)[4] provides:

---

3. Act of August 2, 1989, ch. 25, § 29, 1989 Tex. Laws (1st Called Sess.) 74, 86, eff. Nov. 1, 1989.

4. Section 14.41(b) was also amended in 1989 by Act of August 2, 1989, ch. 25, § 28, 1989 Tex. Laws (1st Called Sess.) 74, 86.

The court may not enter a judgment for unpaid child support payments that were due and owing more than 10 years before the filing of the motion to render judgment under this section. The court retains jurisdiction to enter judgment for past-due child support obligations if a motion to render judgment for the arrearages is filed within two years after:

(1) the child becomes an adult; or

(2) the date on which the child support obligation terminates pursuant to the decree or order or by operation of law.

Appellant argues that because the enforcement order states that the $7,080.00 in arrearages was for the period between July 17, 1977, and October 27, 1988, the judgment should be declared void.

The timely filed motion seeking a judgment for arrearages was filed on August 19, 1988. Thus section 14.41(b) authorizes judgment for arrearages owing from August 20, 1978. *See Jordan v. Middleton,* 762 S.W.2d 339, 342 (Tex.App.—San Antonio 1988, no writ); *Grasberger v. Grasberger,* 713 S.W.2d 429 (Tex.App.—Houston [1st Dist.] 1986, writ dism'd). There is no statement of facts in this case. Thus we are unable to determine what if any evidence the trial court received regarding the dates of payments of child support appellant did make and for which he received credit. In the absence of a record to the contrary, every reasonable presumption will be indulged in favor of the findings and judgment of the trial court. *Wright v. Wright,* 699 S.W.2d 620, 622 (Tex.App.—San Antonio 1988, writ ref'd n.r.e.). From the record that is before us, we are able to ascertain that although appellee pleaded that appellant owed child support from July 17, 1977, the parties stipulated arrearages of $7,080.00. If the judgment were for arrearages covering all payments from July 17, 1977,[5] the amount would be approximately $9,400.00. The difference between $9,400.00 and the stipulated amount is the equivalent of some twenty months of $80.00 per month payments. Twenty months later than July 17, 1977 puts the

date of the arrearages into 1979, well within ten years of the filing of the motion on August 19, 1988. Because there is no statement of facts, we presume the arrearages found by the trial court accrued within ten years of the filing of the enforcement motion. The fifth point of error is overruled.

The judgment is reformed to eliminate the income withholding and as reformed affirmed.

---

**5.** Although the parties and the judgment use the date July 17, 1977, appellant's child support obligation apparently began on August 1, 1977.