Appellant=s Motion for Rehearing Overruled; Affirmed; Memorandum Opinion
of January 20, 2009, Withdrawn








 

Appellant=s Motion for Rehearing Overruled; Affirmed; Memorandum
Opinion of January 20, 2009, Withdrawn.  Memorandum Opinion filed March 12, 2009.

 

                                                                                                                                                            

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00544-CV

____________

 

JOSEPH ONWUTEAKA, Appellant

 

V.

 

COMMISSION FOR LAWYER DISCIPLINE, Appellee

 



 

On Appeal from the 151st
District Court

Harris County, Texas

Trial Court Cause No. 2005-06701

 



 

M E M O R A N D U M   O P I N I O N








On February 19, 2009, appellant, Joseph Onwuteaka, filed a
motion for rehearing.  We overrule appellant=s request for
rehearing, withdraw our memorandum opinion of January 20, 2009, and issue this
memorandum opinion in its stead.[1] 
In this appeal from a lawyer disciplinary proceeding, appellant attacks the
trial court=s judgment imposing a three-year fully probated
suspension from the practice of law and monetary sanctions.  In twelve issues,
Onwuteaka challenges the trial court=s judgment on the
grounds that: (1)  the trial court erred in failing to file additional findings
of fact and conclusions of law; (2) the pleadings are insufficient to support
the trial court=s judgment; (3) the evidence is legally
and factually insufficient; and (4) the trial court abused its discretion with
respect to several evidentiary rulings.  We affirm.

I.  BACKGROUND

In April 2001, Edin Perez and Erwin Jimenez sustained
personal injuries in an automobile accident and hired Onwuteaka to represent
them in their personal injury matters.  Upon becoming dissatisfied with
Onwuteaka=s representation, Perez filed a grievance with the
State Bar of Texas.  Following the filing of the complaint, an investigatory
panel of the grievance committee held two hearings in connection with its
investigation of Perez=s allegations of lawyer misconduct.  The
record is unclear as to whether the investigatory panel made a finding of Ajust cause@ or made a
recommendation for sanctions.  Notwithstanding, Onwuteaka elected to have his
disciplinary matter tried in district court before a judge.  In its second
amended petition, appellee, the Commission for Lawyer Discipline (the ACommission@), set forth
several allegations concerning Onwuteaka=s dealings with
the Perez-Jimenez personal injury matter.  It also included allegations
regarding false statements that Onwuteaka made during the two investigatory
hearings by the grievance committee.  At trial, the Commission presented facts
starkly contrasting to the facts presented by Onwuteaka.  The summarized facts
here are those asserted by the Commission and supported by the evidence. 
Onwuteaka disputes most of them.








Edin Perez and Erwin Jimenez were injured when a bus struck
them in an automobile accident.  Shortly after the collision, Perez and Jimenez
entered into two separate employment contracts with Onwuteaka for legal
representation in their personal injury matters.  The employment contracts
provided that Onwuteaka would be paid 33a percent of any
gross recovery or settlement before a lawsuit was filed or 40 percent of all
recovery obtained after suit was filed.  Onwuteaka then sent letters of
protection to medical providers guaranteeing payment of Perez and Jimenez=s medical bills
when their claims settled.

Prior to receiving any monies, Onwuteaka gave cash advances
to Perez and Jimenez and paid other miscellaneous expenses related the their
personal injury matters.[2] 
Onwuteaka first recovered two checks for personal injury protection (PIP)
coverage, a $2,500 check for Perez and one for Jimenez in the same amount.  The
PIP recoveries were dated September 20, 2001 and were deposited in Onwuteaka=s trust account;
they posted to the account on October 10, 2001.  On November 2, 2001, Onwuteaka
issued two $250.00 checks, one to Perez and the other to Jimenez.  Although
Onwuteaka had received Perez and Jimenez=s PIP recoveries
at the time he issued these two November 2001 checks, he noted on the checks
that the funds were an Aadvance on case.@ Onwuteaka did not
disclose the PIP recoveries to Perez or Jimenez.

 In December 2001, Onwuteaka recovered two larger
settlements totaling $70,000.00 from the insurer of the bus that hit the car in
which Perez and Jimenez were riding.  Both settlement checks were dated
December 10, 2002 and were payable in the amounts of $20,000.00, for Jimenez,
and $50,000.00, for Perez.  On December 18, 2001, after the settlement checks
were deposited into Onwuteaka=s trust account, but before they posted to
the account, Onwuteaka drew a check to himself in the amount of $5,000.00.  The
two settlement checks posted to Onwuteaka=s trust account on
December 20, 2001.








          On
the same day the settlement checks posted to the trust account, Onwuteaka
issued a check in the amount of $14,250.00; the notation read that the funds
were Perez=s API Settlement.@  Onwuteaka also
issued a check in the amount of $5,250.00, noting that the funds were Jimenez=s API Settlement.@  On December 24,
2001, Onwuteaka issued a $20,000.00 check to himself with a notation AIn Re: Perez.@  On December 31,
2001, Onwuteaka issued another check to himself in the amount of $50,000.00,
noting AIn Re: Perez . . .
Jimenez.@   Over the
following year, Onwuteaka paid the invoices from various medical providers that
had treated Perez and Jimenez. 

Later dissatisfied with his portion of the settlement and
Onwuteaka=s representation, Perez filed a grievance with the
State Bar of Texas.  After Onwuteaka responded, the grievance committee for the
State Bar of Texas conducted two investigatory hearings regarding the
allegations of lawyer misconduct.  Onwuteaka ultimately elected to have his
case tried in district court.  The Commission filed a lawsuit against
Onwuteaka, alleging that Onwuteaka violated Texas Disciplinary Rules of
Professional Conduct 1.04(a), 1.14(a)-(c), and 8.04(a)(3).  See Tex.
Disciplinary R. Prof=l Conduct 1.04(a) (charging or collecting
an illegal fee or unconscionable fee), 1.14(a) (failing to hold funds and other
property belonging in whole or part to clients or third persons in a lawyer=s possession
separate from the lawyer=s own property), 1.14(b) (upon receiving
funds or other property in which a client or third person has an interest,
failing to promptly notify the client or third person, to promptly deliver to
the client or third person any funds or other property that the client or third
person is entitled to receive, and to promptly render a full accounting upon
request), 1.14(c) (failing to keep funds or other property in which both the
lawyer and another person claim interests separate until there is an accounting
and severance of their interests), 8.04(a)(3) (engaging in conduct involving
dishonesty, fraud, deceit, or misrepresentation), reprinted in Tex. Gov=t Code Ann., tit.
2, subtit. G app. A (Vernon 1998).[3]








After a bench trial, judgment was entered against
Onwuteaka.  The trial court imposed a three-year fully probated suspension from
the practice of law and monetary sanctions against Onwuteaka.  On appeal,
Onwuteaka raises the following issues: (1)  the trial court erred in failing to
file additional findings of fact and conclusions of law; (2) the pleadings are
insufficient to support the trial court=s judgment; (3)
the evidence is legally and factually insufficient; and (4) trial court abused
its discretion with respect to several evidentiary rulings.  

II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his first issue, Onwuteaka argues that the trial court
erred when it failed to issue initial, and subsequently additional, findings of
fact and conclusions of law. On August 16, 2006, without request by either
party, the trial court made oral findings of fact and conclusions of
law.   Forty-one days later, Onwuteaka filed an objection and moved to strike
certain oral findings.  He also filed a motion requesting additional findings
and conclusions.  In his request for additional findings, Onwuteaka asked that
the trial court add facts surrounding the settlement of the insurance proceeds,
the terms of the employment contracts with Jimenez and Perez, and conclusions
that his acts were not proscribed by the Texas disciplinary rules.  The trial
court denied Onwuteaka=s request for additional findings and
conclusions. 

          Civil
procedure rule 296 states that in a bench trial, a party may request findings
of fact and conclusions of law, and such request must be filed within 20 days
after the final judgment.  Tex. R. Civ. P. 296.  Upon a timely request, the
trial court is required to file findings of fact and conclusions of law within
twenty days after the request is made.  Tex. R. Civ. P. 297.  When the trial
court fails to adhere the 20-day deadline, the requesting party Ashall, within
thirty days after filing the original request,@ file a notice of
past due findings of fact and conclusions of law.  Id.  When a party
fails to file a notice of past due findings of fact and conclusions of law
within 30 days of filing its initial request, it is as if the party had made no
initial request, and any complaint about the trial court=s failure to file
findings and conclusions is waived.  See In re A.I.G., 135 S.W.3d 687,
694 (Tex. App.CSan Antonio 2003, no pet.); Am. Realty Trust, Inc.
v. JDN Real Estate-McKinney, L.P., 74 S.W.3d 527, 530 (Tex. App.CDallas 2002, pet.
denied). 








In this case, no proper findings and conclusions were
requested, and none were filed by the trial court.  Onwuteaka did not make a
proper initial request for findings under rule 296.  Although the trial court
made initial findings and conclusions, they were oral, not written.  Oral
findings do not constitute findings and conclusions under rules 296 or 297.  See
G.T. Mgmt., Inc. v. Gonzalez, 106 S.W.3d 880, 883 (Tex. App.CDallas 2003, no
pet.); Tate v. Tate, 55 S.W.3d 1, 8 n.4 (Tex. App.CEl Paso 2000, no
pet.); Giangrosso v. Crosley, 840 S.W.2d 765, 769 (Tex. App.CHouston [1st
Dist.] 1992, no writ).  Thus, no findings were requested, and no findings were
filed by the trial court.[4] 
To the extent that Onwuteaka argues that the trial court erred in failing to
file initial findings of fact and conclusions of law, his complaint is not
preserved.  Additionally, Onwuteaka=s complaint that
the trial court erred by failing to make additional findings and conclusions is
without merit because a trial court need not make additional findings of fact
and conclusions of law where it did not make initial findings in the case.  See
Tex. R. Civ. P. 298 (allowing a party to request additional findings only
after the trial court files original findings and conclusions).  We overrule
Onwuteaka=s first issue. 

III.  SUFFICIENCY OF THE PLEADINGS

In issue six, Onwuteaka argues that the Commission=s pleadings do not
support the trial court=s judgment.  A judgment cannot stand
unless it is supported by pleadings and evidence.  Tex. R. Civ. P. 301.  The
purpose of a pleading is to give the adversary party notice of each claim and
defense, as well as notice of the relief sought.  Perez v. Briercroft Serv.
Corp., 809 S.W.2d 216, 218 (Tex. 1991).  Pleadings are generally construed
in the pleader=s favor.  WorldPeace v. Comm=n for Lawyer
Discipline, 183 S.W.3d 451, 457 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied).








In the Commission=s second amended
petition, it alleged that Onwuteaka engaged in various conduct that violated
disciplinary rules 1.04(a), 1.14(a)-(c), and 8.04(a)(3).  The Commission=s pleadings gave
adequate notice that it sought disciplinary action based on these particular
disciplinary rules. The  trial court=s judgment
mirrored the Commission=s petition, identifying rules 1.04(a),
1.14(a)-(c), and 8.04(a)(3) as the basis for its disciplinary action against
Onwuteaka.  We conclude that the allegations set forth in the Commission=s second amended
petition support the trial court=s judgment.[5] 
We overrule Onwuteaka=s sixth issue. 

IV.  SUFFICIENCY OF THE EVIDENCE

In issues seven through eleven, appellant argues that the
evidence is legally and factually insufficient to support the trial court=s judgment that he
engaged in misconduct proscribed under Texas disciplinary rules 1.01(a),
1.14(a)-(c), and 8.04(a)(3).  When reviewing the legal sufficiency of the evidence, we review the
evidence in the light most favorable to the challenged finding and indulge
every reasonable inference supporting it.  City of Keller v. Wilson, 168
S.W.3d 802, 822 (Tex. 2005).  We credit favorable evidence if a reasonable
fact-finder could, and disregard contrary evidence if a reasonable fact-finder
could not.  Id. at 827.  There is Ano evidence@ or legally insufficient evidence
when (a) there is a complete absence of evidence of a vital fact; (b) the court
is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact; (c) the evidence offered to prove a
vital fact is no more than a mere scintilla; or (d) the evidence conclusively
establishes the opposite of the vital fact.  Id. at 810-811.  We look to
see whether any record evidence supports the challenged finding.  Bellino v.
Comm=n for Lawyer Discipline, 124 S.W.3d 380, 385 (Tex. App.CDallas 2003, pet. denied).  Anything
more than a scintilla of evidence is legally sufficient to support the trial court=s finding.  Id. 








When
reviewing a challenge to the factual sufficiency of the evidence, we examine
the entire record, considering both the evidence in favor of, and contrary to,
the challenged finding.  Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d
442, 445 (Tex. 1989); Eureste v. Comm=n For Lawyer Discipline, 76 S.W.3d 184, 195 (Tex. App.CHouston [14th Dist.] 2002, no pet.). 
We may set aside a verdict only if it is so contrary to the overwhelming weight
and preponderance of the evidence that it is clearly wrong and manifestly
unjust.  Solutioneers Consulting, Ltd. v. Gulf Greyhound Partners, Ltd.,
237 S.W.3d 379, 384 (Tex. App.CHouston [14th Dist.] 2007, no pet).   The trier of fact is
the sole judge of the weight and credibility of the witnesses= testimony.  Mayes v. Stewart,
11 S.W.3d 440, 451 (Tex. App.CHouston [14th Dist.] 2000, pet. denied).  The appellate court
may not substitute its own judgment for that of the trier of fact, even if a
different answer could be reached on the evidence.  Id.  

Because
this was a bench trial without findings of fact and conclusions of law, all
facts necessary to support the judgment and supported by the evidence are
implied.  Sixth RMA Partners, L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex.
2003);  BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex.
2002).

A.  Rule 1.04(a)








We first consider whether the evidence is legally and
factually sufficient to support the trial court=s finding that
Onwuteaka violated disciplinary rule 1.04(a).  Rule 1.04(a) provides that A[a] lawyer shall
not enter into an arrangement for, charge, or collect an illegal fee or
unconscionable fee.@  Tex. Disciplinary R. Prof=l Conduct
1.04(a).  The employment contracts between Onwuteaka and Jimenez and Perez
provided that Onwuteaka would be paid 33a percent of any
gross recovery or settlement before a lawsuit was filed or 40 percent of all
recovery obtained after suit was filed.  Onwuteaka claims that he was entitled
to more than 40 percent of the settlement proceeds from each case because he
made numerous cash advances to Jimenez and Perez and paid miscellaneous
expenses related to the cases.  Although Onwuteaka may have been entitled to
reimbursement of any expenses or costs paid prior to settlement, the Commission
presented evidence that even after Onwuteaka paid all miscellaneous expenses,
medical costs, and cash advances to the clients, Onwuteaka still collected a
fee that exceeded 40 percent.

William Todd Schoettelkotte, a certified public accountant,
testified that he reviewed Onwuteaka=s bank records,
which were admitted into evidence at trial, and after crediting the medical
expenses, client cash advances, and other costs, the fee collected by Onwuteaka
exceeded 40 percent in the Jimenez case.  Further, Schoettelkotte testified
that, after crediting related expenses and medical costs in Perez=s case, Onwuteaka
also charged and collected a fee exceeding 40 percent of the gross recovery. 
The record reflects that this excessive fee diminished the amount to which
Jimenez and Perez were entitled.  Accordingly, we hold that the evidence is
legally and factually sufficient to support the trial court=s judgment with
respect to Onwuteaka=s violation of disciplinary rule 1.04(a). 
See id.  We overrule Onwuteaka=s seventh issue.

B.  Rules 1.14(a)-(c)

Rule 1.14 provides:

(a) A lawyer shall hold funds and other property
belonging in whole or in part to clients or third persons that are in a lawyer=s possession in connection with a
representation separate from the lawyer=s own property.  Such funds shall be kept in a separate
account, designated as a Atrust@ or Aescrow@ account, maintained in the state
where the lawyer=s office is situated, or elsewhere
with the consent of the client or third person.  Other client property shall be
identified as such and appropriately safeguarded.  Complete records of such
accounts shall be preserved for a period of five years after termination of the
representation.

(b) Upon receiving funds or other property in which
a client or third person has an interest, a lawyer shall promptly notify the
client or third person.  Except as stated in this rule or otherwise permitted
by law or by agreement with the client, a lawyer shall promptly deliver to the
client or third person any funds or other property that the client or third
person is entitled to receive and, upon request by the client or third person,
shall promptly render a full accounting regarding such property.








(c) When in the course of representation a lawyer is
in possession of funds or other property in which both the lawyer and other
person claim interests, the property shall be kept separate by the lawyer until
there is an accounting and severance of their interest.  All funds in a trust
or escrow account shall be disbursed only to those persons entitled to receive
them by virtue of the representation or by law.  If a dispute arises concerning
their respective interests, the portion in dispute shall be kept separated by
the lawyer until the dispute is resolved, and the undisputed portion shall be
distributed appropriately.

Tex. Disciplinary
R. Prof=l Conduct
1.14(a)-(c).

Initially, Onwuteaka properly deposited the PIP recoveries
and settlement proceeds into his trust account. Thereafter, however, he
mishandled the funds.  There is evidence that Onwuteaka did not notify his
clients upon receiving the PIP recoveries and did not disclose the funds on the
final accounting.  See Tex. Disciplinary R. Prof=l Conduct 1.14(b)
(providing that upon receiving funds belonging in whole or part to a client, a
lawyer must promptly notify the client of such funds and promptly render full
accounting upon request). 








Additionally, the record reflects that Onwuteaka failed to
hold funds belonging in whole or in part to clients or third persons separate
from his own funds.  See Tex. Disciplinary R. Prof=l Conduct
1.14(a)-(c); see also Fry v. Comm=n for Lawyer
Discipline, 979 S.W.2d 331, 334-36 (Tex. App.CHouston [14th
Dist.] 1998, pet. denied).  The full value of Perez and Jimenez=s settlements
totaled $75,000.00.  Once the PIP recoveries and settlement checks posted to
Onwuteaka=s trust account, he drew a check to himself for
$75,000.00, the full value of the settlement proceeds, and deposited the funds
into his operating account.  However, certain third parties,  medical providers
who treated Perez and Jimenez, still maintained an interest in the funds at the
time Onwuteaka placed the funds into his operating account.  Onwuteaka attempts
to excuse his handling of the funds by arguing that he was negotiating final
settlements with the medical providers.  Onwuteaka, however, did not place any
portion of the funds, disputed or undisputed, belonging to the medical
providers in a separate account; it was not until over a year after Onwuteaka
received the settlement proceeds that he paid all third parties with an
interest in the case.  See id. 1.14(a)(c); see also Fry, 979
S.W.2d at 335-36 (a lawyer must keep funds in dispute in a separate trust
account until dispute is resolved).   Additionally, Schoettelkotte testified
that Onwuteaka deposited funds belonging in part to Perez and Jimenez in his
operating account. 

Applying the appropriate standards of review, we conclude
that the evidence is legally and factually sufficient to support the trial
court=s judgment with
respect to disciplinary rules 1.14(a)-(c).  We overrule issues eight, nine, and
ten.   

C.  Rule 8.04(a)(3)

Rule 8.04(a)(3), titled AMisconduct,@ provides that a
lawyer shall not Aengage in conduct involving dishonesty,
fraud, deceit or misrepresentation.@  Tex.
Disciplinary R. Prof=l Conduct 8.04(a)(3).  Fraud is defined as
conduct having a purpose to deceive and not merely negligent misrepresentation
or failure to apprise another of relevant information.  Eureste, 76
S.W.3d at 198.  Furthermore, any conduct involving dishonesty, deceit, or
misrepresentation is prohibited by Rule 8.04(a)(3).  Tex. Disciplinary R. Prof=l Conduct
8.04(a)(3).  

The record contains a number of instances in which
Onwuteaka engaged in conduct involving dishonesty, deceit, or
misrepresentations.  There is evidence that Onwuteaka did not disclose the PIP
recoveries to his clients.  Onwuteaka made payments, represented as cash
advances, to his clients although PIP proceeds had been recovered by
Onwuteaka.  Onwuteaka did not disclose the PIP recoveries in his final
accounting to his clients.  This evidence reflects conscious acts of deceit and
dishonesty.  Onwuteaka also failed to disclose these amounts to the State Bar=s investigatory
panel when questioned about the total amount recovered in the cases.  








Moreover, Onwuteaka charged an illegal fee, collecting a
fee exceeding the agreed amount contracted between the parties.  Onwuteaka also
paid himself the full value of the settlement recoveries before resolving and
paying related expenses in the case.  He did not segregate his fees from monies
owed to medical providers and did not promptly pay third parties.  The evidence
presented would have enabled reasonable and fair-minded people to conclude that
Onwuteaka violated rule 8.04(a)(3).  See City of Keller, 168 S.W. 3d at
827; Bellino, 124 S.W.3d at 388-89.  We find that the evidence is both
legally and factually sufficient to show that Onwuteaka engaged in conduct
involving dishonesty, fraud, deceit, or misrepresentations.  The trial court
did not err in finding Onwuteaka violated rule 8.04(a)(3).  We overrule
Onwuteaka=s eleventh issue.       

V.  EVIDENTIARY COMPLAINTS

Onwuteaka contends in issues two through five that the
trial court erroneously admitted and excluded evidence.  We review a trial
court=s decision to
admit or exclude evidence for an abuse of discretion.  In re J.P.B., 180
S.W.3d 570, 575 (Tex. 2005).  A trial court abuses its discretion if its
decision is arbitrary, unreasonable, or without reference to guiding
principles.  See Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d
682, 687 (Tex. 2002).  An appellate court must uphold the trial court=s evidentiary
ruling if there is any legitimate basis for the ruling.  Anglo-Dutch
Petroleum Intern., Inc. v. Greenberg Peden, P.C., 267 S.W.3d 454, 465 (Tex.
App.CHouston [14th
Dist.] 2008, pet. filed).  Moreover, we will not reverse a trial court
for an erroneous evidentiary ruling unless the error probably caused the
rendition of an improper judgment.  Id.; see also Tex. R. App. P.
44.1.

A.  State Bar Complaint

In his second issue, Onwuteaka complains that Exhibit 2,
the State Bar complaint filed by Perez, was erroneously admitted because: (1)
it is hearsay; (2) its admission violates rule of evidence 1009; and (3) the
document is fraudulent.  The complaint was offered and admitted for the limited
purpose of demonstrating how and why the State Bar investigation commenced
against Onwuteaka.








Hearsay is a statement, other than one made by the
declarant while testifying at the trial or hearing, offered in evidence to
prove the truth of the matter asserted.  Tex. R. Evid. 801(d).  The State Bar
complaint was not admitted to prove an operative fact; the trial court limited
the admission of the State Bar complaint as evidence that the complaint was
used to launch the State Bar=s investigation against Onwuteaka. 
Because the complained-of evidence was not admitted to prove the allegations
made therein by Perez, it is not hearsay.  See id.; see also Stafford
v. State, 248 S.W.3d 400, 407-08 (Tex. App.CBeaumont 2008,
pet. ref=d) (stating that
an out of court statement which is not offered to prove the truth of the matter
asserted therein, but is offered for some other reason, is not hearsay).
Onwuteaka=s hearsay challenge is without merit.  Onwuteaka also
argues that the State Bar complaint is inadmissible because Perez=s signature on the
document is fraudulent.  Because he did not raise this objection below, it is
waived on appeal.  See Tex. R. App. P. 33.1(a).  

Onwuteaka further contends that the trial court abused its
discretion by admitting a translated version of Perez=s State Bar complaint. 
At trial, the Commission offered the original State Bar complaint filed by
Perez, which was in Spanish.  Along with the original complaint, the Commission
offered an English translation of the document.  Onwuteaka objected to the
admission of the English translation on the basis that the Commission failed to
comply with rule of evidence 1009.  Rule 1009 provides that a translation of a
foreign language document is admissible upon the affidavit of a qualified
translator when the affidavit, translation, and foreign language document are
served on all parties 45 days prior to trial.  Tex. R. Evid. 1009(a); Doncaster
v. Hernaiz, 161 S.W.3d 594, 601 (Tex. App.CSan Antonio 2005,
no pet.).  Onwuteaka argues that the affidavit submitted by the Commission
failed to articulate the translator=s qualifications
as required by rule 1009.   However, the trial court did not admit the English
translation.  Rather, the court sustained Onwuteaka=s objection with
respect to the English-translated version and admitted only the original
Spanish version.  Onwuteaka did not object to the original.  Because the trial
court sustained Onwuteaka=s objection to admitting the
English-translated version, and Onwuteaka did not object to the original,
nothing is presented for review.  See Tex. R. App. P. 33.1(a).  We
overrule Onwuteaka=s second issue.








B.  Disciplinary Hearing Transcript

In his third issue, Onwuteaka argues that the trial court
violated rule of evidence 1002 by admitting a written transcript of the State
Bar=s disciplinary
proceedings rather than the original audio recording.  Rule 1002, commonly
known as the best evidence rule, provides that to Aprove the content
of a writing, recording, or photograph, the original . . . is required except
as otherwise provided in these rules or by law.@  Tex. R. Evid.
1002.  Although the best evidence rule generally requires that the original
writing, recording, or photograph be admitted, a copy may be admitted instead
of the original if the exception articulated in rule 1004 is met.  Rule 1004
provides:

The original is
not required, and other evidence of the contents of a writing, recording, or
photograph is admissible if:

(a) Original Lost or Destroyed.  All originals are lost or have been
destroyed, unless the proponent lost or destroyed them in bad faith;

(b) Original Not Obtainable.  No
original can be obtained by an available judicial process or procedure . . . .

Tex.
R. Evid. 1004.








Although the disciplinary proceedings were originally an
audio recording, the Commission sought to admit a written transcript.  To
support the admission of the written transcript,  Donald Ray Brown, a State Bar
investigator, testified that the original audio recording had been Apurged.@  The record
reflects that the original recordings were lost or destroyed within the meaning
of rule 1004, and there is no evidence that the original recording was lost or
destroyed in bad faith.  Accordingly, the trial court did not abuse its
discretion in admitting the written transcripts of the hearings.  See
Johnson v. State, 846 S.W.2d 373, 376 (Tex. App.CHouston [14th
Dist.] 1992) (holding that copy of an original was properly admitted where
evidence established the original was unintentionally lost), remanded on
other grounds, 853 S.W.2d 574 (Tex. Crim. App. 1993).  We overrule
Onwuteaka=s third issue.

C.  Expert Testimony

In issue four, Onwuteaka argues that the trial court erred
in permitting Schoettelkotte, the Commission=s expert witness,
to testify over Onwuteaka=s objection.  More specifically, Onwuteaka
argues that because the Commission refused to produce Schoettelkotte for
deposition, the trial court should have sanctioned the Commission by excluding
Schoettelkotte=s testimony from trial.

The decision whether to impose sanctions is within the
sound discretion of the trial court, and that decision will be reversed only
for an abuse of discretion.  Shannon v. Fowler, 693 S.W.2d 54, 56 (Tex. App.CFort Worth 1985, writ dism=d).  Additionally, the sanctions
imposed must be just.  TransAmerican Natural Gas Corp. v. Powell, 811
S.W.2d 913, 917 (Tex. 1991).  The record reflects that the trial court
originally ordered expert depositions to take place on September 8, 9, or 25,
2005.  Onwuteaka did not depose Schoettelkotte on either of these dates.  In
November 2005, the trial court expanded the expert deposition dates and ordered
the depositions, Asubject to witness availability,@ to take place on December 12-15,
2005 or January 24-26, 2006.  On January 23, 2006, at 7:00 p.m., Onwuteaka sent
a notice to take the deposition of Schoettelkotte.  Onwuteaka noticed the
deposition for January 25, 2006, little over one day after he sent the notice
of his intent to depose the witness.  The Commission was unable to produce
Schoettelkotte for deposition with only a day=s notice. 








The
discovery rules require that Aa notice of intent to take an oral deposition . . . be served
on the witness and all parties a reasonable time before the
deposition is taken.@  Tex. R. Civ. P. 199.2(a) (emphasis added).  Based on our
record, we cannot conclude that the trial court abused its discretion in
allowing Schoettelkotte to testify based on Onwuteaka=s objection that he was unable to
depose Schoettelkotte.  The Commission properly designated Schoettelkotte as an
expert witness, and the trial court afforded Onwuteaka several opportunities to
depose Schoettelkotte.  Still, Onwuteaka failed to properly notice
Schoettelkotte for deposition in accordance with the rules of procedure, giving
only one day=s notice.  Subjecting the Commission to sanctions by excluding
Schoettelkotte=s testimony would not be just in light of Onwuteaka=s inadequate notice to depose
Schoettelkotte.  The trial court acted within its sound discretion in allowing
Schoettelkotte to testify at trial.  We overrule Onwuteaka=s fourth issue.    

D.  Unrelated Client File  

Onwuteaka=s last evidentiary complaint challenges
the trial court=s exclusion of evidence regarding his
representation of Tomas Reyes, a client unrelated to the instant case. It
appears that Onwuteaka sought to introduce documents in the Reyes file to prove
that a portion of the $50,000.00, reflecting his legal fees in the
Perez-Jimenez case, stemmed also from his representation of Reyes.  At trial,
the Commission objected to the admission of any evidence from the Reyes file
because Onwuteaka failed to produce the entire client file during discovery.

A party must respond to a written discovery request within
the time provided by court order or the Texas Rules of Civil Procedure.  Tex.
R. Civ. P. 193.1.  When a party fails to supplement a discovery response in a
timely manner, the evidence should be excluded unless the trial court finds
there was good cause for failure to amend or supplement, or the failure will
not unfairly surprise or prejudice the other party.  Tex. R. Civ. P. 193.6(a). 
The burden of establishing good cause or lack of unfair surprise is on the
party seeking to introduce the evidence.  Tex. R. Civ. P. 193.6(b).  The trial
court has discretion to determine whether the offering party has met its
burden.  Aluminum Co. of Am. v. Bullock, 870 S.W.2d 2, 3 (Tex. 1994). 
Furthermore, the record must support a finding of good cause or lack of unfair
surprise.  Tex. R. Civ. P. 193.6(b).








Here, the Commission propounded discovery requesting the
Reyes file, and on November 8, 2005, the trial court ordered Onwuteaka to produce
the entire file by November 17, 2005.  The trial court further indicated in its
order that if Onwuteaka failed to produce the entire file, he would be
precluded from offering any evidence from the file at trial.  Although
Onwuteaka produced various documents from the Reyes file, he failed to produce
the client file in its entirety.  At trial, and for the first time, Onwuteaka
attempted to excuse his partial production of the file by insisting that he was
no longer in possession of the client file.  We do not find this excuse to be
good cause.  When the Commission requested the file and the trial court ordered
is production, Onwuteaka was under the obligation to maintain Reyes=s complete file,
particularly the accounting.  See  Tex. Disciplinary R. Prof=l Conduct
1.14(a).  Furthermore, to allow Onwuteaka to admit evidence from the Reyes file
would have caused unfair surprise upon and prejudice against the Commission.  A
considerable part of the Commission=s case focused on
the $50,000.00 purporting to be legal fees for representing Perez and Jimenez. 
The Commission submitted that Onwuteaka violated various disciplinary rules
because the fee collected exceeded the amount to which he was entitled, he
failed to place the $50,000.00 in a separate account when other parties had an
interest in the same funds, and he collected the fee without first resolving
the medical expenses related to the case.  We conclude that Onwuteaka did not
carry his burden of establishing good cause for his failure to amend or lack of
unfair surprise or prejudice.  See Tex. R. Civ. P. 193.6(b). 
Accordingly, we conclude that the trial court did not abuse its discretion in excluding
the Reyes file.  We overrule Onwuteaka=s fifth issue.[6]

We affirm the trial court=s judgment.

 

 

/s/      Adele Hedges

Chief Justice

 

Panel consists of
Chief Justice Hedges and Justices Guzman and Brown.









[1]  This memorandum opinion corrects an error stated in
the January 20, 2009 memorandum opinion regarding Tomas Reyes= involvement in the underlying automobile accident and
reflects that Tomas Reyes was not involved in the same accident. Our
disposition remains unchanged.





[2]  At trial, William Todd Schoettelkotte testified that
no cash advances were made to Jimenez;  however, the record reflects that four
advances were made to Jimenez.  Check numbers 8561, 8613, 8694, and 9004 from
Onwuteaka=s account reflect cash advances to Jimenez. 





[3]  The Rules of Disciplinary Procedure were amended
after this case commenced effective January 1, 2004.  See Tex.Disciplinary
R. Prof=l Conduct, reprinted in Tex. Gov=t Code Ann., tit. 2, subtit. G, app. A-1 (Vernon
2005).  Because this case commenced prior to the effective date of the amended
rules, it is governed by the former rules.  See id. 1.04.  Accordingly,
except for the citations in this footnote, all citations to the rules in this
memorandum opinion are to the rules in effect at the time this action
commenced.  





[4]  Even if Onwuteaka had made a proper request under rule 296, his
complaint on appeal would be deemed waived because he did not file a notice of
past due findings.  See In re A.I.G., 135 S.W.3d at 694; JDN Real
Estate-McKinney, 74 S.W.3d at 530. 





[5]  Onwuteaka also argues in issue six that the evidence
presented at trial does not support the trial court=s judgment.  We address this challenge to the sufficiency
of the evidence below.





[6]  Onwuteaka also argues that if this Court finds error with respect to
issues two through eleven, the entire case warrants reversal.  Having overruled
issues two through eleven, this issue is moot.  We overrule Onwuteaka=s twelfth issue.